Oster et al. v. Rabeneau.

PETER OSTER *et al.*, Appellants, *v.* DANIEL RABENEAU, Respondent.

1. *Mechanics' lien law to be liberally construed so as to advance the remedy, etc.*— The mechanics' lien statute is to be construed in reference to the intention of the Legislature in enacting it, and liberally, so as to advance the remedy, and not merely in the strictness of the letter.

2. *Mechanics' lien not void because description embraced more than one acre, when.*— A mechanic's lien upon a lot of land in the city of St. Louis was not void because the description of the property filed in the clerk's office embraced more than one acre, no fraud being suggested, and the description being sufficiently full and accurate to enable the court to make it certain and exact. And *semble,* that the locality of the acre to be subjected to the lien may be fixed and surveyed by a commissioner sent out for that purpose.

*Appeal from St. Louis Circuit Court.*

*F. & L. Gottschalk,* for appellants.

I. The quantity of land in a city, town, or village is not confined to one acre.  (See Wagn. Stat. 909, § 1; Houck on Liens, 178, § 173 ; Derrick v. Edward, S. Dutch. 45.)

II. But if the law is held to be different, and the lien is held to extend only to one acre, the lien is not for that reason vitiated.

III. The court is the proper party to say what particular acre should be subjected to the lien, and may for that purpose order a survey of the land by commissioners and stake off the one acre. (Tibbits v. Moore, 23 Cal. 208.)   The statute itself only requires a description of the premises "so near as to identify the same" (Wagn. Stat. 909, § 5), and it further provides (§§ 13–15) that the property should be correctly described in the judgment; so that

the court has the power to render judgment which part of the property shall be subject to the lien. Plaintiff gives in this case a correct description of the buildings and the lot upon which they are situated, and then claims in his petition expressly a lien upon one acre, and asks the court to fix the exact boundaries, which the court proceeds to do. (Kennedy v. House & Horton, 41 Penn. St. 39.)

*Pope*, for respondent.

I. The account and description filed in the clerk's office for the purpose of securing a mechanic's lien, and the petition, are not sufficient, under the statutes of this State, for the purpose of securing a lien. The description covers an amount of ground not allowed by the lien law.

II. The court erred in admitting improper, illegal, and naked evidence for plaintiffs, for an improper and illegal object, and in refusing to admit other proper evidence for defendant. The evidence of county surveyor Pitzman, for the purpose of supplying defects of the pleadings, was admitted against the objection of defendant. This evidence stated that, beginning at a given point and running in such and such manner so many feet, an acre was embraced, and that a given house stood on that acre. There was nothing in the pleadings to support this evidence. Its object— to cure pleadings — was illegal.

III. The requisites of the statute can not be supplied by parol evidence. The lien law is in derogation of the common law, and must be strictly complied with by every person who asserts a claim of right under it.

CURRIER, Judge, delivered the opinion of the court.

The only question requiring attention in this cause relates to the validity of the mechanic's lien herein sought to be enforced.

October 14, 1868, the plaintiff filed in the office of the clerk of the St. Louis Circuit Court a statement of his demand and a description of the premises sought thereby to be charged with a lien. The description was as follows : " A piece of ground in McRae's addition to the city of St. Louis, county and State

aforesaid, and being block No. 20 of said addition, a plat whereof is recorded in plat book No. 7, on page 7, in the recorder's office of said county, which piece is of a triangular form, containing one and thirty-five hundredths acres, and situated at the junction of the Pacific railroad and St. Louis avenue, and bounded by them west, north and south, and on the east by Virginia avenue."

The statute is supposed to limit the amount of land to be covered by a lien of this description to one acre, but the description above given embraces one and thirty-five hundredths of an acre, being in excess of the supposed statutory limit by thirty-five one-hundredths, and that, it is claimed, vitiates the whole lien, and so it was held by the Circuit Court at general term. This view rests upon the theory of a strict construction of the mechanics' lien law, which provides that the lien therein contemplated shall cover the building and the land on which it stands " to the extent of one acre; or if such building, erection, or improvement be upon any lot of land in any town, city, or village, then such lien shall be upon such building, erection, or improvement, and the *lot or land upon which the same are situated.*" (Wagn. Stat. 907, § 1.) Now, if this statute is to be construed with a rigid strictness, it is difficult to see how the acre limitation can be made to apply to a village or city lot; and the land in question, as has not been denied, is situated in a city. Indeed, it is quite plain that the first limitation was not intended to apply to city property at all. The provision as to town and city lots is wholly independent of the other provision, and is complete within itself. Where city property is concerned, the lien extends to the " lot or land" on which the building erected stands, be the same more or less. There are city buildings that cover more than an acre, and there can be no doubt that the lien in such a case would cover the entire building and also the entire area of ground occupied by the building. So the lien extends to the whole lot, although the building occupies but a small portion of it. A lot is a parcel or division of land, but what, in the sense of the mechanics' lien law, is its area? The statute does not say, nor does the acre limitation throw any certain light on the question. The term

"lot," as indicating quantity, is of the vaguest import; how much and what it includes must be determined by the facts and circumstances of each particular case. The term is broad enough to embrace the one and thirty-five hundredths of an acre described in the plaintiff's lien. But it is said it would be absurd to suppose that the Legislature intended to restrict the lien in the country to one acre, and at the same time to leave it unrestricted in towns and cities. There is force in this view, but it involves the abandonment of the theory of a strict construction. The statute, then, is to be construed with reference to the intention of the Legislature in enacting it, and liberally, so as to advance the remedy, and not merely in the strictness of the letter. The policy of the law is beneficent, and that policy has become thoroughly ingrafted upon our legislation, and must be taken into consideration in construing legislative enactments on this subject. (See Putnam v. Ross, *ante*, p. 337.)

Let it be assumed, then, for the purpose of this discussion, that the Legislature intended to restrict the lien to one acre in the city as well as in the country, is it thence to be concluded that the lien is wholly void where the description includes more than an acre? I think not. That would be harsh and unjustifiable, and at variance with the evident policy of the law. The statute contemplates no such result. It seems to anticipate possible imperfections in describing the premises to which the lien is to apply. All it requires, therefore, is that the lienor shall furnish, in filing his lien, such a description as will be sufficient to point out and identify the property. It provides that the lienor shall file a "true description of the property, *or so near as to identify the same.*"

That is all; and the language implies that the Legislature took into consideration possible difficulties in drawing up the description, so as to have it full and accurate in all particulars. If it was made sufficiently full and accurate to furnish the means of identification, that was sufficient. If it included too much, the lien was void as to the excess, no doubt; but to hold the lien void throughout because of such excess, in the absence of fraud or any wrongful intent, would be to initiate a line of decisions in

direct hostility to the purposes of the Legislature, as these purposes are disclosed by the enactment under review.

In the case at bar, the lienor described a single lot of ground. It was a city lot, and contained more than one acre. The description was sufficient for the purposes of general identification, and sufficient to enable the court, by commissioners or otherwise, to make it certain and exact in every respect prior to the judgment. The county surveyor measured off the acre connected with the erection, and the proper proof was made in court, and the court adopted the survey in rendering judgment against the property. I see no objection to that course; and if there had been various lienors furnishing different descriptions, and conflicting claims as to the exact locality to be given to the particular acre to be subjected to the respective liens, I see no objection to the court sending out a commissioner to survey and fix the locality of the acre to be subjected. (See Gilham v. Kerone, 45 Mo. 490.) Unless this can be done, how is it to be determined what portion of the larger lot shall be taken as the acre subject to the lien? If each lienor is to select for himself the particular acre to be taken, one might select an acre connected with the building lying northward, and another southward, and so on; that is, where the lot contained a number of acres, as might be the case in country localities.

My conclusion, then, is that the lien in this case was not void because the description of the property filed in the clerk's office embraced more than an acre. No fraud is suggested, and the description was sufficiently full and accurate to enable the court to make it certain and exact. In this case that must be regarded as certain which was capable of being made so, and which was in fact reduced to certainty in the judgment of the Circuit Court at special term.

McWilliams v. Allan, 45 Mo. 573, has been referred to as containing a strict construction of the mechanics' lien law. There the lienor filed a statement showing the *balance* of his account, without giving either the debit or credit side of the account. It was a mere naked balance without any of the facts from which that balance was deduced; and it was held that the statement was

not an account within the meaning of the statute; that it failed to meet the requirements of the act and the manifest purposes of the Legislature. The failure was not technical but substantial, and no reasonable liberality of construction could save the claim.

The judgment of the St. Louis Court at general term will be reversed, and that of the special term affirmed. Judge Bliss concurs; Judge Wagner absent.