C. W. HOLLAND ET AL., Respondents, v. PATRICK McCARTY ET AL., Appellants.

St. Louis Court of Appeals, January 4, 1887.

1. MECHANIC'S LIENS—DESCRIPTION OF PROPERTY.—In an action on a mechanic's lien filed against a building and the tract of ground whereon it stands, such tract including one hundred and fifty acres, within a city, and having many other houses thereon, it is not error to instruct the jury that, if, etc., they may find in favor of the lien as against the building and the ground whereon it stands, it being one which, by its structure, character, and description, is easily distinguishable from all others on the tract.

2. —— EVIDENCE.—In such a case, it is not error to exclude evidence offered by the owner that a large number of buildings are standing on the tract, many of which are owned by third persons.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

HITCHCOCK, MADILL & FINKELNBERG, for the appellants : The lien and the petitions were fatally defective

in describing a tract of land one hundred and fifty acres in extent, and in claiming a lien and special judgment against the whole of said tract. Such a claim and description is too general and does not conform to the statute which requires the claimant to give "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." Rev. Stat., sect. 3176 ; *Engelman v. Graves*, 47 Mo. 343 ; *Williams v. Porter*, 51 Mo. 441 ; *Wright v. Beardsley*, 69 Mo. 548 ; *Ranson v. Sheenan*, 78 Mo. 668 ; *Bradish v. James*, 83 Mo. 313. The court erred in excluding evidence of the fact that the one hundred and fifty acres was subdivided into blocks and lots, and in excluding evidence of the fact that the tract described has over one hundred buildings upon it, some of which belong to third persons. *Weaver v. Robinett*, 17 Mo. ; Rev. Stat., sect. 3172 ; *Perry v. Block*, 1 Mo. 484.

EBER PEACOCK, for the respondents : In cities the limit is the lot of land upon which the building is situated, without regard to quantity. All that is required of the lien is "to give a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." Rev. Stat., sect. 3172 ; *Fitzgerald v. Thomas*, 61 Mo. 499 ; Phillips on Mechanics' Liens (2 Ed.) p. 328, see p. 200. The description required is not the definite and exact one suggested by the appellant, of metes and bounds. It is sufficient, if enough appears in the description to enable one familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others. *Oster v. Rabeneau*, 46 Mo. 595 ; *De Witt v. Smith*, 63 Mo. 263 ; *McClintock v. Rush*, 63 Pa. St. 203 ; *Kennedy v. House & Horton*, 41 Pa. St. 39 ; *Galewood v. House*, 65 Mo. 663 ; *Bradish v. James*, 83 Mo. 313 ; Phillips on Mechanic's Liens (2 Ed.) p. 340, see p. 201. The appellant contends that the court below erred in refusing to permit Mr. Charles Green, a

witness, to testify to the effect that the property de-
scribed in the lien was subdivided into lots and blocks.
The objection to this testimony was that it was incom-
petent, the recorded plats, if any, being the best evi-
dence ; which objection the court sustained.   *Fitzgerald
v. Thomas*, 61 Mo. 499.

THOMPSON, J., delivered the opinion of the court.

This action is brought by the plaintiffs as sub-con-
tractors to recover a judgment against the principal con-
tractor for work and labor done and materials furnished
in painting a building known as the grand stand, sit-
uated on the land of the St. Louis Agricultural and
Mechanical Association, known as the fair grounds, in
the city of St. Louis, and to enforce a mechanic's lien
against the building and lands.   The claim of lien de-
scribes the entire tract known as the fair grounds, by
metes and bounds, and seeks to establish a mechanic's
lien thereon.   There was a trial before a jury and a ver-
dict and judgment in favor of the plaintiffs, and against
the defendant McCarty, for the sum of $1,733.95, and es-
tablishing a mechanic's lien against the following de-
scribed property of the St. Louis Agricultural and
Mechanical Association, in the city of St. Louis, Mis-
souri, to-wit :   " The grand stand at the race track in
the fair grounds tract of the said defendant association,
and the land which the said grand stand now covers,
the said parcel of land which the said grand stand
now covers being part and parcel of another tract of
ground belonging to the said defendant association and
described as follows :" (describing the fair grounds tract
by metes and bounds).   From this judgment the St.
Louis Agricultural and Mechanical Association prose-
cutes this appeal.

At the trial the contested issue was, so far as it re-
mains for consideration upon this appeal, whether the
tract of ground known as the St. Louis fair grounds,
against which the plaintiffs had filed their claim of lien,

could be made the subject of a lien under the statute for the work done on the building known as the grand stand. The bill of exceptions recites that the plaintiffs introduced evidence tending to establish the facts in their petition, and that it also appeared that the ground described in the petition and lien embraced all the tract of land known in the aggregate as the St. Louis fair grounds, including the old fair grounds proper, as well as the new portion known as the race track, upon a portion of which latter the building in controversy is situated. It also appeared from the plaintiffs' testimony that the ground described in the petition embraced more than thirty acres in quantity. No evidence was introduced by the plaintiffs to identify the particular portion of the ground upon which the building stands, by metes and bounds, except that it is located in the southwestern part of the grounds described in the lien and petition, and is known as the grand stand on said grounds. The Agricultural and Mechanical Association introduced evidence tending to show that the grounds described in the petition embraced an area of one hundred and fifty acres, and that the building in controversy occupied an area of only four hundred feet in length and fifty feet in width, part of the ground described in the petition.

I. The bill of exceptions recites that "the defendant also offered to prove by its president, that upon the total area described in the lien and petition, there are situated over one hundred different buildings, some of which are not the property of this defendant; also by said president that the ground where the building in controversy is located is subdivided and platted into lots and blocks. The court, on the plaintiffs' objection, refused to permit the same to be shown in evidence; to which exclusion of evidence the defendant at the time excepted."

This ruling raises one of the questions which is urged upon this appeal. We are unable to say that the court committed error in this ruling, in the form in

which it is stated. If the land described in the lien had been subdivided and platted into lots and blocks, the recorded plats would be the best evidence of that fact; and, as the bill of exceptions does not show that evidence of this kind was tendered, the inference is that the offer was merely an offer to prove by parol a fact which was susceptible of being proved by the public records. This would furnish a good reason for excluding this much of the tender of evidence. The fact that the tract of ground may have contained more than one hundred different buildings, some of which were not the property of the Agricultural and Mechanical Association, would seem to be immaterial; since a sale to enforce a mechanic's lien would give to the purchaser no more than the Agricultural and Mechanical Association had, and would not affect the rights of any other person having an interest in the land or buildings thereon. The limitation of the amount of land which may be covered by a mechanic's lien to one acre, in the Revised Statutes, section 3172, clearly is not applicable to land in cities, towns, and villages, under the language of the statute itself. The statute, after prescribing the acre limit, recites, "or if such building, erection, or improvement be upon any lot of land in any town, city, or village, then such lien shall be upon such building, erection, or improvements, and the lot or land upon which the same are situated, to secure the payment of such work or labor done, or materials, fixtures, engines, boiler, or machinery furnished, as aforesaid." While it seems quite obvious, as intimated by the supreme court in *Oster v. Rabeneau* (46 Mo. 598), upon the reading of the statute, that the one acre limit does not apply to cities, towns, and villages, yet we may waive the decision of this question in the present case, as the supreme court waived it in that case; and for the purposes of this case we may assume that the one acre limit does apply within the city of St. Louis.

II. Proceeding then upon this assumption, we find

that another principle has been decided in this state with reference to mechanic's liens, namely, that the fact that the person claiming the lien has described in his claim of lien a tract of land containing more than an acre, does not destroy his right of lien altogether. As between him and the owner of the land, the rights of subsequent purchaser not being concerned, such a description is "sufficient for the purposes of general identification and sufficient to enable the court, by commissioners or otherwise, to make it certain and exact in every respect prior to the judgment." *Oster v. Rabeneau*, 46 Mo. 599; re-affirmed in *Bradish v. James*, 83 Mo. 313, 317. Acting upon this principle, it was then competent for the circuit court, assuming that the plaintiffs in their claim of lien and in their petition in this suit had claimed a lien upon too large a tract of ground, to proceed, by commissioners, *or otherwise*, to establish their lien upon such an amount, including the building upon which the work was done, as they were entitled to under the statute. Did the court do this? The court did not appoint commissioners to make a survey of any smaller tract, including. the building in question ; but it instructed the jury that, if they should find in favor of the plaintiffs for the lien claimed by them, their verdict should state that they find such lien established for said sum against the grand stand at the race track in the fair grounds of the defendant association, and the land which the grand stand covers, in the city of St. Louis, thus cutting the subject of the lien down to the building itself and the ground which the building covers. The jury returned a verdict accordingly, in which, after finding the amount due, they found "such lien established for said sum against the grand stand at the race track in the fair grounds of the defendant association, and the land which said grand stand covers in the city of St. Louis."

Upon this verdict the court entered judgment, de-

scribing the land upon which the lien was established in the manner already stated.

Although it is strenuously urged that these rulings were subversive of all certainty, and of that good order and regularity which should prevail in all judicial proceedings, especially those which affect title to real property,—yet, after giving the matter serious consideration, we confess ourselves unable to see any substantial objection to them which the appellant is entitled to raise. Surely the appellant does not ask us to listen to the complaint that the court committed error against it in refusing to subject it to the liability of the enormous forfeiture of one hundred and fifty acres of land within the limits of the city of St. Louis upon a demand of little more than seventeen hundred dollars. Appellate courts sit for the purpose of listening to the complaints of errors which have wrought substantial prejudice to the rights of parties appealing ; and we are unable to see in what respect this ruling of the court has wrought any prejudice to the defendant in reducing the subject of the plaintiffs' lien to the smallest practicable minimum—to the very limits of the building itself and the ground on which it stands—unless some prejudice has accrued in view of another principle which will now be stated.

III. The statute (Rev. Stat., sect. 3172), in describing the subject of a mechanic's lien in a town, city, or village, uses the words, "such building, erection, or improvements," "and the whole of the land upon which the same are situated." Section 3176, which prescribes the substance of the claim of lien which is to be filed with the clerk of the circuit court, provides that it contain "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." We do not understand that it is contended, and there is no room for such a contention, that the claim of lien as filed did not contain a sufficient description of the property upon which the lien was intended

to apply within the meaning of this statute ; but the contention now is that the property against which the lien was established is not described in the verdict and judgment with sufficient certainty. We are of the contrary opinion. There is nothing in the decisions of the supreme court on this subject, to which our attention has been called, which implies that the description in such a judgment should be more certain or definite than the description in a deed of conveyance, or than a description which is necessary to satisfy the statute of frauds. On the contrary, these decisions are to the effect that the statute relating to mechanic's liens is remedial in its nature, and is to be favorably construed so as to effect the purposes intended by the legislature ; and so construing it, the description necessary to support a lien, or a judgment establishing a lien, is sufficient if it answers the meaning of the maxim *id certum est quod certum reddi potest.* "The true doctrine now seems to be, that if the description is specific and definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien, it will be sufficient." *Bradish v. James*, 83 Mo. 313, 318 ; *De Witt v. Smith*, 63 Mo. 263, 265. The grand stand in the St. Louis fair grounds is shown by the evidence to be a building four hundred feet long and fifty feet wide. It seems quite obvious from the statement that the land against which the lien is established is the land covered by a very large building, and no more, that any person familiar with the premises could go upon the land and locate the boundaries of it, even if the building were burned or torn down.

In *De Witt v. Smith* (*supra*), the claim of lien misdescribed the city block in which the buildings were located, but it was, nevertheless, held that this did not avoid the lien, since enough was stated from which the lien could be made certain, and especially since the rights of third parties were not concerned, and since the

owner could not possibly misunderstand the premises
to which the lien was intended to apply. The reasoning
of that case is entirely appropriate to this. The rights
of third persons are not here concerned, and the ap-
pellant can not possibly misunderstand the premises
to which the lien, as established by the judgment,
applied. In *Williams v. Porter* (51 Mo. 441), and in
*Wright v. Beardsley* (69 Mo. 548), there was no descrip-
tion whatever of the land intended to be embraced in
the lien, and for this reason, of course, the lien was
held void. In *Matlack v. Lare* (32 Mo. 262), there was no
description of any lot of land, or even of the houses, so as
to make it apparent what houses were meant, and the lien
was held void. In *Ranson v. Sheehan* (78 Mo. 672), the
one acre limit applied to a claim of lien describing fifteen
acres by metes and bounds. It was held that the lien
was void; but the court, distinguishing *Oster v. Rabe-
neau* (46 Mo. 595), and *De Witt v. Smith* (63 Mo. 263),
rested their decision chiefly on the ground that the
rights of a third person had supervened. This last case
also holds that, where the lien is void for uncertainty of
description in the lien claim, the plaintiff can not main-
tain his lien against the building alone, although the
learned judge who wrote the opinion would have
thought otherwise if it were a matter of first impression.
The judgment which was rendered in the present case
does not attempt to establish a lien against the building
alone, but it establishes it against the building and the
ground covered by the same.

It would seem, then, that the one acre limit named
in the Revised Statutes, section 3172, has no application
to the subject in this controversy, but that if the entire
tract of land is within one enclosure, and is used for one
purpose, it is a "lot of land" within the meaning of
this section of the statute, and that the plaintiffs' lien
was rightfully filed against the whole tract. It further
seems that if the defendant, the Agricultural and Me-
chanical Association of St. Louis, had made a tender of

competent evidence to prove that the tract was sub-divided into smaller sub-divisions, either by a recorded plat or plats, or by conveyances to the owners, or by other acts of a public character, done by them for that purpose (*Fitzgerald v. Thomas*, 61 Mo. 500), the court might have proceeded, by commissioners, or otherwise, to establish the lien upon the lot of land upon which the building known as the grand stand actually stood. But, as this was not done, the court seems to have had no materials before it upon which it could determine the question otherwise than it did, unless it had directed a verdict and rendered a judgment establishing the lien against the entire tract known as the fair grounds. In cutting the lien down to the building itself and the ground covered by it, the court certainly took a very direct road to a practical result; but the plaintiffs, whose lien is thus cut down, make no complaint of it, and we do not see upon what ground the appellant can justly complain.

The judgment of the circuit court will be affirmed. It is so ordered. Judge Lewis concurs; Judge Rombauer not sitting.