ROZELLE v. HARMON, *Appellant.*

103　339
64a　603

103　339
144　555

103　339
77a　11

103　　339
101a　⁴476

DIVISION TWO.

1. **Probate Law:** EXECUTOR DE SON TORT: CREDITORS. Under the probate system of this state there can be no executor *de son tort* in so far as to authorize a single creditor of the decedent to maintain an action of trover against such executor and thereby appropriate the whole assets to the payment of such creditor's debt.

2. ———.: ———. The system provided by statutes of this state for the settlement of the estates of deceased persons are intended to be exclusive of all others.

3. **Statutes in Derogation of Common Law, Construction of.** Statutes in derogation of the common law are not universally strictly construed.

4. ———. Where such statutes are penal in their character or in derogation of common right, a strict construction is required but, if they are merely remedial, a fair and perhaps a liberal construction should be given them.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*L. R. Knowles, John Edwards* and *H. S. Kelley* for appellant.

(1) An executor *de son tort* is liable only to the rightful executor. *Craslin v. Baker,* 8 Mo. 437; *Graves v. Poage,* 17 Mo. 91; *Magner v. Ryan,* 19 Mo. 196; *Simonton v. McLain,* 25 Ala. 353; *Foster v. Nowlin,* 4 Mo. 18. (2) Our system of administration contemplates that estates shall pass through the hands of legal representatives and that the property and assets of the estate shall be applied to the payment of debts of the same class without partiality or preference. *State v. Moore,* 18 Mo. App. 411; *Pearce v. Calhoun,* 59 Mo. 271; *Titterington v. Hooker,* 58 Mo. 593. (3) In those states in which the statutes have attempted to place creditors upon an equality in the matter of payment, the courts have declared that there can be no such person as an executor *de son tort* in the sense of the English law. *Dixon v. Cassell,* 5 Ohio, 533; *Fox v. Van Norman,* 11 Kan. 214; *Barasien v. Odenn,* 17 Ark. 123; *Rust v. Wetherington,* 17 Ark. 129; *Ausley v. Baker,* 14 Tex. 607; *Green v. Rugeley,* 23 Tex. 539.

*E. Van Buskirk* and *T. C. Dungan* for respondent.

(1) The court properly refused defendant's instruction in the nature of a demurrer to the evidence. The defendant was an executor *de son tort*, by reason of his intermeddling with the estate of Ross, and liable to a creditor as well as to the right executor. 1 Williams on Executors [6 Am. Ed.] top pp. 296, 298, 305, 309;

*Foster v. Nowlin,* 4 Mo. 18; *Craslin v. Baker,* 8 Mo. 437; *Graves v. Poage,* 17 Mo. 91; *Magner v. Ryan,* 19 Mo. 196; *Swift v. Martin,* 19 Mo. App. 488; Kelly's Probate Guide, sec. 146. (2) Under our system of jurisprudence the common law and statutes and acts of parliament, made prior to fourth reign of James I., which are of a general nature, not repugnant or inconsistent with the constitution of the United States, or of this state or the statute laws in force for the time being prevail, and shall be the rule of action and decision, etc. R. S. 1879, sec. 3117; *Lindell v. McNair,* 4 Mo. 380; *Picotte v. Cooley,* 10 Mo. 199; *Landes v. Perkins,* 12 Mo. 239; *Paddock v. Walsh,* 15 Mo. 525; *Miller v. Dunn,* 62 Mo. 216. (3) And statutes in derogation of common law must be strictly construed, and are to receive such construction as not to allow them to infringe upon the rules or principles of the common law to any greater extent than is plainly expressed. *State v. Clinton,* 67 Mo. 380; *Bridge Co. v. Ring,* 58 Mo. 491; *Yankee v. Thompson,* 51 Mo. 234. (4) Our administration act does not in express terms, or even by implication, take away from a creditor of an estate his common-law right to proceed against an executor *de son tort,* although it gives such creditor the right to administration, and to have estate placed in hands of public administrator. R. S. 1879, secs. 7, 8, 9; 1 Williams on Ex'rs [6 Ed.] top p. 305; *Swift v. Martin,* 19 Mo. App. 488, and cases last above cited. (5) In most, if not all, of those states in which executors *de son tort* do not exist, or are not recognized either, the common law does not prevail, or the subject is controlled by express statute. Minnesota Stat. 1878, chap. 77, sec. 5; *Noon v. Finnegan,* 13 N. W. Rep. 197, and statutes therein cited; *Noon v. Finnegan,* Minn. Sup. Ct., May 15, 1884; 19 N. W. Rep. 391.

MACFARLANE, J.—This suit was commenced in the circuit court of Holt county. Plaintiff was a creditor of

Rozelle v. Harmon.

one, B. W. Ross, deceased. The suit was for the purpose of recovering the amount of the debt from defendant, on the ground that he had wrongfully appropriated and converted the assets, belonging to Ross' estate to his own use. Plaintiff recovered judgment in the circuit court, and defendant appealed to the Kansas City court of appeals where the judgment was reversed. The case was certified to this court by the court of appeals, on the ground that the decision rendered therein was in conflict with the decision of this court in the cases of *Foster v. Nowlin,* 4 Mo. 18, and *Magner v. Ryan,* 19 Mo. 196.

The question presented by the record in this case is sufficiently stated by Judge PHILIPS (29 Mo. App. 578) to be, " whether there can be, under the probate system of this state, an executor *de son tort* in so far as to authorize a single creditor of the intestate to maintain an action of trover against him, as here sought, and thereby appropriate the whole assets to the payment of plaintiff's debt."

The system provided by the laws of our state, for the settlement of the estates of deceased persons, was evidently intended to be exclusive of all others. The constitution provides for the establishment of a probate court in each county, which shall have jurisdiction in all matters pertaining to probate business.

The laws of the state, governing the procedure in the management and settlement of estates, are ample and sufficient to meet any emergency that may possibly arise during administration. They provide for the appointment of executors and administrators; for the preservation of the property, and the collection of the debts of the estate. They also provide summary and efficient proceedings for the discovery of assets and for their recovery from the possession of one who intermeddles with them. Under them any creditor can have an administrator appointed; each county is provided with a public administrator, already qualified, whose

duty requires him summarily to take charge of all estates in which the property is left in a' situation exposed to loss or damage, and the court is given power to require him to take charge of any other estates in case of necessity.   Ample provision is made for the allowance and classification of debts ; converting the assets into money and paying the debts of all creditors *pro rata* according to classification.   Executors and administrators alone, under these laws, can recover the assets or damages for its conversion.

All these provisions of the law are wholly inconsistent with the idea of executors *de son tort* as at common law.   The administration laws of the state do not recognize the *right* to wrongfully administer, nor the right of one creditor to secure payment of his debt to the exclusion of others.

It is insisted by plaintiff that this state has adopted the common law, that under the rules of the common law his action is authorized, and that the rules of the common law on this subject have not been abrogated by the statutes.   It is contended that, under proper rules of construction, a statute, in derogation of the common law, must be strictly construed, and that none of its rules can be changed, except by express terms of the statute, or by necessary implication therefrom.   That rule of construction is not of universal application.   It depends much on the character of the law to be affected. In case of statutes, penal in their character, or in derogation of common right, a strict construction is required, but, in regard to statutes merely remedial in their character, a fair, if not liberal, construction should be given. *Oster v. Rabeneau,* 46 Mo. 595 ; *Putnam v. Ross,* 46 Mo. 337 ; *Chamberlain v. Trans. Co.,* 44 N. Y. 305 ; *Buchanan v. Smith,* 43 Miss. 90.

The statute of this state, adopting the common law, itself, limits or modifies the rule of construction insisted upon.   Section 3117, Revised Statutes of 1879, provides that the common law which is not repugnant to, or

inconsistent with, the constitution of this state, or the statute laws in force for the time being, shall be the rule of action and decision in this state.

The examination we have given shows conclusively that the statute laws of this state on the subject of administration, taken together as forming one entire system, are wholly repugnant to, and inconsistent with, the common law in respect to administrators *de son tort.* We must, therefore, conclude that the intention of the legislature was to supersede the common law on that subject altogether. The early cases of this court, referred to by the court of appeals, do seem to have recognized, and acted under, the common-law doctrine invoked by plaintiff in this case; but, since that early day, the administration laws of the state have been greatly enlarged, the jurisdiction of the probate courts extended, and the powers and duties of administrators and executors increased, until there is no longer a place in the system for the inequitable, expensive and tedious proceedings required by the rules of the common law in bringing intermeddlers to settlement.

The opinion of PHILIPS, P. J., in this case when before the court of appeals, and which is reported in 29 Mo. App. 570, with the authorities cited by him, is convincing and conclusive, and is adopted as the opinion of this court.

The judgment of the court of appeals is affirmed, and that of the circuit court of Holt county reversed. All the judges of this division concur.