WILLIAM C. RICHARDSON, Administrator, Respondent, v. A. H. DREYFUS, Appellant.

Kansas City Court of Appeals, January 20, 1896.

1. **Administration**: CONVERSION OF ASSETS: LIABILITY. M. died insolvent leaving B. indebted to him and in debt himself to D. D. collected from B. what the latter owed M. giving him indemnity therefor. *Held*, that, though possibly not a technical conversion, D. was liable to M.'s administrator who was the legal owner of the debt due from B. Cases in regard to money had and received, distinguished.

2. ———: RESTRICTIONS ON ADMINISTRATOR: LIVE OWNER. An administrator holds assets with more restrictions than a live owner, and the law will not suffer an interference with the assets of an estate which would necessarily annul such restrictions.

*Appeal from the Jackson Circuit Court.*—HON. CHAS. L. DOBSON, Judge.

AFFIRMED.

*Grant I. Rosenzweig* for appellant.

(1) Defendant, for $588, agreed to protect and defend Dreyfus Brothers and hold them harmless against certain claims. This is not an assumption to pay, but to indemnify; is founded on good and valid consideration, and is a binding and independent contract. *State v. Railway*, 28 S. W. Rep. 1074; *Borum v. Reid*, 73 Mo. 461. (2) An action for money had and received by defendant from a third party can not be maintained in the absence of privity, i. e., obligation and duty, either expressed or by law implied, between plaintiff and defendant, and this never is implied in favor of plaintiff where defendant has received money from a third person in direct disavowal of such implication and in consideration of an obligation by defendant

incurred toward such third party in return for such money. 17 Am. and Eng. Encyclopedia of Law, 542, sec. 8, and notes; 52 Am. Dec. 754; *Serjeant v. Stryker,* 1 Harrison (N. J.) 464; *Seeman v. Whitney,* 24 Wendell, 260; *Turk v. Ridge,* 41 N. Y. 208; *Skeen v. Johnson,* 55 Mo. 24; *Dent v. Cotzhouser,* 23 Wis. 120; *Herman v. Commission Co.,* 59 Mo. App. 652; *Hall v. Marsten,* 17 Mass. 579; *O'Fallen v. Boismenu,* 3 Mo. 405; *K. C. Sewer Pipe Co. v. Thompson,* 120 Mo. 218 (224); *Allen v. Brown,* 5 Mo. 326; *Rushville v. Rushville,* 39 Ill. App. 503; *Trubill v. Campbell,* 3 Gilm. (Ill.) 502; *Hall v. Carpen,* 27 Ill. 386; *Niel v. Chessen,* 15 Ill. App. 267; *Atterbury v. Jackson,* 15 Ill. App. 286; *Patrick v. Metcalf,* 37 N. Y. 332; *Butterworth v. Gould,* 41 N. Y. 450; *Roe v. Auburn,* 51 N. Y. 674; *Decker v. Saltzman,* 59 N. Y. 275; *Moore v. Moore,* 127 Mass. 22; *Rand v. Smallidge,* 130 Mass. 337; *Lawrence v. Bachelor,* 131 Mass. 508; *Peckham v. Van Waggener,* 83 N. Y. 40; *Hathaway v. Homer,* 54 N. Y. 655; *Carpen v. Hall,* 29 Ill. 512; *Williams v. Everetts,* 14 East, 582; *Vaughn v. Matthews,* 13 Q. B. 187; *Wescott v. Sharp,* 50 N. J. L. 392; *Tiernan v. Jackson,* 5 Peters, 580 (588); 2 Greenleaf, 119; 3 Addison on Torts, 1408; *Mark v. Bank,* 8 Mo. 231; *Overton v. Curd,* 8 Mo. 420; *Halsey v. Halsey,* 8 Mo. 333; *Moss v. Green,* 41 Mo. 389.

*E. Wright Taylor* and *M. B. Jonas* for respondent.

(1) Whosoever wrongfully intermeddles with the goods and chattels belonging to the estate of a deceased person is liable to respond in damages at the suit of the lawful administrator. Schouler, Ex. and Admr. (1883), chap. 8, sec. 190; Woerner on Adm. (1889), chap. 21, sec. 195; 3 Redfield on Wills [3 Ed.], p. 21, n. 6; 1 Williams, Ex. and Admr. [6 Am. Ed.], chap.

5, pp. 305-312; 7 Am. and Eng. Encyclopedia of Law, Ex. and Admr., sec. 8, pp. 182-196. (2) This is the established doctrine of the state of Missouri. *Rozelle v. Harmon*, 103 Mo. 339; *Rozelle v. Harmon*, 29 Mo. App. 569; *Swift v. Martin*, 19 Mo. App. 488; *Graves v. Poage*, 17 Mo. 91.

ELLISON, J.—Plaintiff is the public administrator for the city of St. Louis, and, as such, in charge of the estate of Lewis Meyer, deceased, who died a citizen of St. Louis. He sued the defendant for having intermeddled with and received of the assets of the Meyer's estate the sum of $588, and recovered judgment in the trial court for that sum.

It appears from the evidence that Dreyfus Brothers resided in New York city; the defendant, A. H. Dreyfus, in Kansas City; and Meyer, as before stated, in St. Louis. Meyer was largely indebted to the defendant, and Dreyfus Brothers in New York were indebted to Meyer in said sum of $588. The Meyer estate is insolvent. The indebtedness from Dreyfus Brothers to Meyer was for and on account of an interest which Meyer once had in the firm. The defendant went to Dreyfus Brothers and by agreeing to protect them from liability to the Meyer's estate, got them to pay to him the said sum of $588 so due from them to the Meyer estate. Dreyfus Brothers did not owe anything to defendant. He received from them the sum due the Meyer estate and applied it on his debt against the Meyer estate. He executed the following receipt:

"Received of Messrs. Dreyfus Brothers, of New York, $588, in full as per statement rendered for the interest of Lehman Meyer, now deceased, which he held in the firm of said Dreyfus Brothers, and this acknowledgment will bind A. H. Dreyfus to protect said Dreyfus Brothers and to defend the aforesaid

Dreyfus Brothers against any lawsuit or claim which may be brought against said Dreyfus Brothers, by the heirs of Lehman Meyer, or the receiver of the Western Distilling Company."

It is apparent that the defendant has taken and converted to himself an asset of the Meyer estate. It is denied by defendant's counsel that there was a conversion, he contending that it was an intangible thing, not the subject of conversion. It makes no difference whether there was a conversion, as that term is technically known to the law, the fact remains that defendant received an asset of the estate and applied it to his own use. For this he is undoubtedly liable to the administrator of the estate, the legal owner of the asset. *Rozelle v. Harmon*, 103 Mo. 339.

Defendant argues at length and cites a long array of authorities to sustain the position, that an action for money had and received will not lie against defendant, for the reason that there was no privity between defendant and the estate, and the money was not received for the estate. The argument and the authorities have no possible application to a case of the nature of the one under consideration. Nor does it at all affect the substance of the matter, whether we say that defendant made of himself an executor *de son tort*, or how else we may designate him, or his act; he was guilty of a wrong in thus taking to himself an asset which belonged to the estate. Schouler's Ex. and Admr., sec. 190; 1 Woerner's Law of Adm., sec. 195.

Defendant has argued at length, that since the money was received from Dreyfus Brothers, not for Meyer, but in antagonism to him, there would have been no right of action by Meyer if he were alive; and that his administrator can not sue, if he could not, were he alive. If we grant the premise, the conclusion by no means follows. The administrator holds the

assets of an estate with more restrictions than the live owner of assets; and the law will not suffer an interference with the assets of an estate which would necessarily destroy and annul such restrictions. The live owner of assets may apply them, or suffer them to be applied, in a preference of creditors. But the administrator can not, and the law will not suffer them to be so applied. If it did, it would destroy the whole system of administration of estates. Yet that is what was attempted by defendant. He seeks and, in effect, is here asserting a right to apply an asset of the estate to the payment of his debt, without the formality of going into the probate court, proving his claim, and *sharing all assets pro rata* with other creditors of this insolvent estate. If what defendant seeks to do could meet with success, then upon the death of every insolvent there would be a rush for what he left, whether it consisted of tangible or intangible assets, or both. This would be subversive of the administration laws and would, in cases of doubtful solvency, precipitate an unseemly struggle among creditors for advantage. Defendant, in thus attempting to outstrip other creditors, had evidently forgotten that it sometimes happens that "the race is not to the swift."

The judgment will be affirmed. All concur.