The KINNEAR MANUFACTURING COM-
PANY, a Corporation, Plaintiff, ·

v.

Richard L. MYERS, d/b/a Richard L. My-
ers Construction Co., and Richard L. My-
ers Construction Co., a Corporation, De-
fendants,

Inland Steel Products Co., a Corporation,
Defendant-Appellant,

Lee Bros. Contracting Co., Inc., a Corpora-
tion, Defendant-Appellant,

McDonnell Aircraft Corporation, a Corpora-
tion, Defendant-Respondent.

Nos. 33506–7.

St. Louis Court of Appeals,
Missouri.

Feb. 24, 1970.

Motion for Rehearing or to Transfer to Su-
preme Court Denied March 31, 1970.

Application to Transfer Denied
May 11, 1970.

Glen C. Schomburg, St. Louis, for Inland Steel Products Co.

Oliver F. Erbs, Kirkwood, Morris A. Shenker, St. Louis, for Lee Bros. Contracting Co.

Bryan, Cave, McPheeters & McRoberts, C. Perry Bascom, William Langton, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

In this action for an equitable mechanic's lien the plaintiff, The Kinnear Manufacturing Company, a subcontractor, named the Richard L. Myers Construction Company, the general contractor, Inland Steel Products Company and Lee Brothers Contracting Company, other subcontractors, and McDonnell Aircraft Corporation, the landowner, as parties defendant. Inland Steel and Lee Brothers filed individual answers and cross-bills in which they prayed for a money judgment against the Myers Company and a lien on McDonnell's property. McDonnell filed separate motions for summary judgments against Inland Steel and Lee Brothers, both of which the court sustained. As authorized by Civil Rule 82.06, V.A.M.R., the court specifically designated such judgments to be final judgments for the purpose of appeal within the meaning of § 512.020, RSMo 1959, V. A.M.S., and these appeals followed. By leave, McDonnell filed a consolidated brief and the cases were argued and submitted together.

It appears from the record that in the latter part of 1963 the Myers Company, the general contractor, entered into a contract to construct a building on McDonnell's property. The Myers Company, in turn, made separate contracts with Inland Steel for the furnishing of certain materials, and with Lee Brothers for certain materials and labor. The Myers Company defaulted on its contract with McDonnell in the Spring of 1964, and Inland Steel and Lee Brothers, in their respective cross-claims, alleged that the Myers Company was indebted to each of them for at least a part of the work, labor and materials they had furnished in the construction of the building.

The court sustained the summary judgments on different grounds, which we will consider in turn. As to Inland Steel, § 429.080 requires one who seeks to establish a mechanic's lien on the owner's property to file with the circuit clerk a lien statement which contains, among other things, " * * * a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner * * * if known to the person filing the lien, * * *." The purported description of McDonnell's property stated by Inland Steel in its lien statement was, "McDonnell Air Craft Corporation, Lambert-St. Louis Municipal Airport, St. Louis, Missouri." The actual legal description of the property, to quote from Inland Steel's cross-claim is:

"* * * the following described land situated in the County of St. Louis, in the City of Berkeley, State of Missouri, and the improvements thereon to-wit:

"Commercial building, known as Property No. 48 and as Ramp Paint Booth, in the County of St. Louis, Missouri, and the land on which the same are constructed and erected, described as follows:

"A parcel of ground located on a tract of 6.407 acres owned by the Pasa-

dena Realty Company, a corporation, by instrument recorded in Book 2933, Page 35, of the St. Louis County Recorder's Office, and on a tract of 81.-106 acres owned by McDonnell Aircraft Corporation, bounded on the north by the south line of Banshee Road and on the west and south by the Municipal Airport Facilities owned by the City of St. Louis—along a line running northeasterly thence to the east line which terminates at a 90 degree angle with Banshee Road; being part of a tract shown on the St. Louis County Assessor's plat in Berkeley District No. 2 Plat Book 5, Page 145 in the name of McDonnell Aircraft Corporation and all improvements located thereon; said parcel known specifically as Building No. 48—Paint Facilities Ramp.

"Said parcels of land being contiguous to each other and together from one body of land, being the land on which said commercial building, known as Property No. 48 and as Ramp Paint Facilities are situated and erected, and all of said property being in the City of Berkeley, County of St. Louis, Missouri."

The trial court held that the phrase, "McDonnell Air Craft Corporation, Lambert-St. Louis Municipal Airport, St. Louis, Missouri," stated in Inland Steel's lien statement did not meet the statutory requirement for "* * * a true description of the property, or so near as to identify the same * * *." We agree. In fact, the so-called description is actually no description at all. "McDonnell Air Craft Corporation" is the name of the landowner, not a description of any property owned by it. Nor is "Lambert-St. Louis Municipal Airport" a description of any land owned by McDonnell. There is not even a reference to the building constructed by Myers. And as Inland Steel's legal description in its cross-claim shows, Mc-

Donnell's property is located in the City of Berkeley, County of St. Louis, not in the City of St. Louis.

Inland Steel points to a part of one of its affidavits filed in opposition to McDonnell's motion for a summary judgment in which it was stated that McDonnell at the Lambert-St. Louis Municipal Airport occupies an area that is well known to the general population; and from this it argues that if the description in the lien statement is specific and definite enough so as to enable one familiar with the locality to identify the premises intended to be covered by the lien it is sufficient. Holland v. McCarty, 24 Mo.App. 82, is cited in support of that argument. What was said in that case, however, must be read and understood in the light of the facts in that case. There a lien was sought to be impressed on a grandstand at a race track. As the court's opinion states, the description given in the lien statement was not merely that of a grandstand on the landowner's property; what the statement contained was (24 Mo.App. 85): "* * * The claim of lien describes the entire tract known as the fair grounds, by metes and bounds, and seeks to establish a mechanic's lien thereon. * * *" Although not cited by Inland Steel, a similar factual situation prevailed in Hertel Electric Co. v. Gabriel, Mo.App., 292 S.W.2d 95, where, because the landowner's six acre tract was not in a city, town or village, the lien claimant was entitled to obtain a lien on only one acre on which the improvement had been made. There the description given in the lien statement described the entire six acres by metes and bounds, but did not describe the one acre. The court, as in Holland v. McCarty, supra, ruled that since the description was specific and definite enough to enable one familiar with the locality to identify the premises intended to be covered by the lien the description of it was sufficient. Unlike those cases, here nothing purporting to be a legal description of any tract or parcel of ground was stated in the lien statement.

We are aware that our mechanic's lien law is remedial in nature, Hicks v. Scofield, 121 Mo. 381, 25 S.W. 755; that its purpose is to give security to mechanics and materialmen for labor and materials furnished in improving the owner's property, Vasquez v. Village Center, Inc., Mo., 362 S.W.2d 588; and that the law should be construed as favorably to those persons as its terms will permit, Mid-West Engineering & Construction Co. v. Campagna, Mo., 421 S.W.2d 229. We are equally cognizant, however, of those cases which hold that the policy of liberal construction does not relieve a lien claimant from the necessity of reasonably and substantially complying with the requirements of the statute in order to secure its benefits, Stewart Concrete & Material Co. v. James H. Stanton Construction Co., Mo.App., 433 S.W.2d 76; and that a reasonable and substantial compliance with the statutory requirements is a condition precedent to the right of the lien claimant to maintain his action and to establish a lien on his property, Putnam v. Heathman, Mo.App., 367 S.W.2d 823.

While some measure of liberality is allowed when the controversy is limited to the lien claimant and the owner, no case has been cited, and our own research has not disclosed any, in which a purported description as deficient as the present one has been upheld. On the contrary, others much more descriptive and complete than that in the instant case have been held insufficient. Matlack v. Lare, 32 Mo. 262; Williams v. Porter, 51 Mo. 441; Ranson v. Sheehan, 78 Mo. 668. The purported description in Inland Steel's lien statement falls far short of being a reasonable and substantial compliance with the statutory requirement of "a true description of the property, or so near as to identify the same," and the court properly so held.

As to the summary judgment against Lee Brothers, the trial court sustained it because of the failure of that lien claimant to commence and diligently prosecute its cross-claim against the Richard L. Myers Construction Company, the general contractor, within six months after the original summons to the Myers Company had been returned unserved. The facts relative to that issue are that Lee Brothers filed their lien statement with the circuit clerk on June 12, 1964, allegedly within four months after its account had accrued. The plaintiff, The Kinnear Manufacturing Company, filed this action on September 9, 1964, naming, as stated, Lee Brothers as one of the defendants. Lee Brothers was granted additional time to plead on November 13, 1964, and further additional time on December 14, 1964. The answer and cross-claim of Lee Brothers was filed on December 21, 1964, and the transcript indicates that that lien claimant ordered summons to issue for the Richard L. Myers Construction Company, directed to the Sheriff of Galveston County, Texas. The record also indicates that that summons was returned unexecuted on March 31, 1965. So far as we can ascertain, no alias summons was ever issued on behalf of Lee Brothers directed to the Richard L. Myers Construction Company, as that lien claimant concedes in its brief. McDonnell filed its separate motion for summary judgment against Lee Brothers on October 20, 1965, but it was not argued and submitted until April 25, 1968. The court initially sustained McDonnell's motion on February 18, 1969, but on its own initiative the court set aside that order on February 28, 1969, for its failure to notify counsel, took the motion under submission, and on that same day entered the judgment now appealed from.

Section 429.170 requires that an action to enforce a mechanic's lien "* * * shall be commenced within six months after filing the lien, and prosecuted without unnecessary delay to final judgment; * * *." We note, in passing, that Lee Brothers did not file its cross-claim within six months after it filed its lien statement, but we rest our decision, as did the trial court, on the

result reached by the Supreme Court in Continental Electric Co. v. Ebco, Inc., Mo., 375 S.W.2d 134. In that case plaintiff was a materialman which had furnished materials to Ebco, Inc., a subcontractor, for the construction of a building for Ford Motor Company, the landowner, and brought its suit in Clay County. Continental ordered summons for Ebco issued to the Sheriff of Jackson County, to be served on Ebco at an address in Kansas City which Continental had found listed in the Kansas City telephone directory. The summons was returned unexecuted on February 10 or 11, 1960. Thereafter, no further process for Ebco issued until October 10, 1960, when at the request of Continental an alias summons was issued for Ebco, which was served on its registered agent on October 14, 1960. After reviewing numerous cases to the effect that various statutes of limitations were not tolled when the original summons was returned unexecuted, and no alias summons was issued prior to the expiration of the period of limitations, the Supreme Court said (375 S.W.2d 138, 139):

"We are of the opinion that, under these cases relied upon by respondent, appellant's unexcused neglect for a period in excess of the period of limitation to cause process to be issued which would confer upon the court jurisdiction of an essential party is fatal to the maintenance of the action to enforce the lien. If prompt determination of the lien claim is to be achieved, and such is the obvious purpose of the short limitation period, there can be no reason to accord to the party bringing the suit a period of time for obtaining process which exceeds the time within which he is required to sue. As pointed out in the Mayne [Mayne v. Jacob Meihel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809] and Driscoll [Driscoll v. Konze, Mo.Sup., 322 S.W.2d 824] cases, the plaintiff may not by such device extend the period of limitation on the cause of action. The effect of such delay is to cause the period of limitations to continue to run, despite the filing of the suit. The timeliness of the action in such case must be measured, at the earliest, by the time at which plaintiff seeks additional process. Insofar as Ebco is concerned, the situation is the same as if appellant had attempted to join them as a party on October 10. The lien would have terminated under such delay and Ford could have asserted such termination. Steinmann v. Strimple, [29 Mo.App. 478] supra. See Reis-Moran Lumber Co. v. Putney Roofing Co., Mo.App., 147 S.W.2d 172. The effect of the delay here is the same and Ford had the right to object to the lien on such grounds."

In the instant case, Lee Brothers never had an alias summons issued, nor did it ever seek to obtain service on the Richard L. Myers Construction Company in any other manner. That it could have done so is shown by the fact that Inland Steel, after its original summons to Myers had been returned unexecuted, and a non est was returned on its registered agent, had a pluries summons issued on February 26, 1965, to Myers to be served on the Secretary of State of Missouri, as provided by § 351.-380. Lee Brothers points to an opposing affidavit by one of its counsel in which he states that on January 2, 1966, while visiting his son in Houston, Texas, he attempted to locate Richard L. Myers in that city, and obtained information that that individual was then living in Houston. That, however, was much more than six months after Lee Brothers had filed its cross-claim and more than six months after its original summons to the Richard L. Myers Construction Company had been returned unexecuted. Lee Brothers also points to various parts of the record, and of a deposition, from which an inference may be drawn that it may have been the intention of a certain lawyer to file an entry of appearance on behalf of the Richard L. Myers Construction Company. However, it is clear from the record that no such entry of appearance was ever filed by

**604**

that company or by a lawyer on its behalf, nor does the deposition show that the lawyer appeared at the deposition on its behalf.

The Richard L. Myers Construction Company, as the general contractor, was a necesssary party to any suit by either the plaintiff or Lee Brothers to enforce a lien. Section 429.190. Hughes Bros. Paint & Hardware Company v. Prewitt, 170 Mo.App. 594, 157 S.W. 120. No service was ever obtained by plaintiff, nor by Lee Brothers, on the Richard L. Myers Construction Company. And since the Richard L. Myers Construction Company was always in default, and Lee Brothers was asserting "new or additional claims for relief * * *" in its cross-claim, it was necessary for it to obtain service of its cross-claim "* * * in the manner provided for service of summons in this code." Civil Rule 43.01. Not having done so, and the statutory period of six months having long since expired, Lee Brothers' right to obtain a lien on McDonnell's property was barred, as the trial court ruled. Continental Electric Co. v. Ebco, Inc., supra.

In view of the conclusions we have reached as to the individual grounds upon which the trial court sustained the summary judgments we need not inquire into another ground advanced by McDonnell in support of such judgments, particularly since it was not given by the trial court as the basis for its decisions.

For the reasons stated the judgments are affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgments affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.