W. HEWITT ET AL., Appellants, v. J. E. TRUITT ET AL., Respondents.

St. Louis Court of Appeals, November 23, 1886.

1. MECHANIC'S LIENS—SUB-CONTRACTORS—NOTICE.—It is essential to a sub-contractor's recovery against the contractor and the owner, that he should show service, upon the owner, of notice of his intention to file a lien within the time required by statute, and the owner's absence from the state will not excuse a failure to do so.

2. ——— PLEADINGS—ALTERNATIVE PLEAS.—In pleading statements in the alternative each of the alternatives must state a legal cause of action or defence, and if either of the statements is insufficient in law the entire plea is defective.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

W. M. KINSEY, for the appellants.

W. F. SMITH and D. D. FASSETT, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action brought before a justice of the peace by a sub-contractor to enforce a mechanic's lien. Judgment was rendered by the justice against the principal contractor for the amount of the plaintiff's demand, and against the property establishing the lien. The defendant, Klockzin, the present owner of the property, alone appealed to the circuit court. The circuit court refused to allow any evidence to be introduced under the petition, and, thereupon, the plaintiffs tendered an amended petition and requested leave to file the same, which leave the court refused, and they

declining to plead further, judgment was rendered for the defendant.

According to the original petition, Nannie J. Brown was the owner of the real estate at the time when the principal contract for the building was made, and it was made between her and Truitt, as principal contractor. The defendant, Klockzin, was described as the *present* owner of the premises by a mesne conveyance from Nannie J. Brown. Another defendant, Simpson, who did not appeal from the justice, was described as having some interest therein. The vice of the original petition was, that instead of averring notice of the plaintiffs' claim of lien on Mrs. Brown, it averred that such notice was given to Klockzin and Simpson.

The amendment which the plaintiffs tendered in the circuit court alleges that the premises against which the lien is sought to be enforced, were conveyed to Nannie J. Brown, through whom the defendant, Klockzin, claims by a deed dated March 20, 1884. It then proceeds as follows: " Said Nannie J. Brown either became the absolute owner of said lot, or thereby acquired and held the same in trust for the use of the defendant, Joseph E. Truitt, who thereby became and was the real owner thereof, said plaintiffs do not know which, but aver their belief in the one or the other alternative. Plaintiffs further state that on or about the —— day of April, 1884, said Nannie J. Brown either entered into a contract with said defendant, Truitt, to erect on said described lot a four room story and one-half brick dwelling house, or as the real and beneficial owner of said lot, said Truitt, at or about that time, begun the erection of said dwelling on said lot on his own account, said plaintiffs do not know which, but aver their belief in the one or the other alternative; that afterwards said defendant, Truitt, either as the original contractor with Nannie J. Brown, or as the beneficial owner of said lot, plaintiffs do not know which, but aver their belief in the one or the other alternative, entered into a

contract with the plaintiffs to furnish the necessary materials therefor, and do the painting on said dwelling house, to be erected as aforesaid, upon said lot, and that, in accordance with the terms and conditions of their contract with said Truitt, plaintiffs have furnished materials and performed labor of the value of sixty-five dollars, in and about, and upon said described lot, owned as aforesaid, the particulars of which will more fully appear in the bill of items referred to above; that plaintiffs demanded of defendants payment thereof, which was by said defendants refused, and that said sum is now unpaid and due plaintiffs; that said account accrued and became due on the twentieth day of September, 1884, and that on the seventh and ninth days of January, 1885, plaintiffs served a notice in writing on the defendants, Klockzin and Simpson, of their claim against said lot, and improvements thereon, stating the amount thereof, and from whom due, and of their intention to file a lien therefor if not paid within ten days. Plaintiffs further state that on the nineteenth day of January, 1885, they filed in the office of the clerk of the circuit court of the city of St. Louis, Missouri, a just and true account of said indebtedness, and a true description of said lot, with the name of the owner thereof, verified by affidavit, and their claim for a lien upon said lot for the amount of said indebtedness, according to law, with the notice stating the date when, and the justice of the peace before whom this action is instituted for the enforcement of such lien. Plaintiffs still further state that on or about the ———— day of December, 1884, the said Nannie J. Brown absconded from and left the state of Missouri; that she remained out of said state until after the time for filing the aforesaid lien had expired; that her whereabouts was unknown to plaintiffs; that she had no agent; and that after the work on said dwelling house had been commenced, and before the completion thereof, the defendant, Klockzin, acquired title to said described lot by deed

from said Nannie J. Brown." The rest of the petition describes the interest of the defendant, Simpson, and prays for judgment in the usual way.

It is plain that the circuit court committed no error in refusing to allow this amendment to be filed. It failed to state the jurisdictional facts necessary to entitle the plaintiffs to a mechanic's lien upon the premises described. In the first place, it pleaded the ownership of the land when the contract was made, in the alternative, as being either in Mrs. Brown or in Truitt, and it pleaded the *status* of Truitt, in the alternative, as being either that of a principal contractor under Mrs. Brown, the owner, or as being himself the beneficial owner, and doing the work for himself on his own land. Now, while our code permits a pleader to state facts in the alternative, yet this can only be done where both alternative statements are good as matter of law. Now, suppose that under this form of statement, it should turn out that when the work was done, Mrs. Brown was the owner of the premises, and that the work was done by Truitt under a contract with her, then the plaintiffs would land just where their original petition landed them ; because their amended petition fails to show that they gave notice, either to Mrs. Brown or to her agent, of the filing of their lien, as required by section 3190 Revised Statutes, which is a jurisdictional fact essential to the existence of their lien. Nor is their petition helped by the averment that Mrs. Brown had absconded and remained out of the state until the time for the filing of their claim of lien had expired ; that her whereabouts were unknown to the plaintiffs, and that she left no agent upon whom such notice could be served. A mechanic's lien is purely a creature of statute. It can only exist where the steps pointed out by the statute have been taken ; and if the owner of land upon which a building is erected can, by going out of the jurisdiction, and leaving no agent behind him, upon whom notice of the

lien can be served, defeat the operation of the statute, it is a result for which the courts are not to blame. It is simply a case of defective legislation, and the courts have no power to amend the statute. It is worthy of consideration whether the legislature ought not so to amend section 3190, Revised Statutes, as to provide for constructive notice by publication in cases where the owner is a non-resident and leaves no agent within the jurisdiction upon whom notice of the lien can be served.

As the defendants, Klockzin and Simpson, were not the owners, between whom and Truitt the principal contract was made, it is needless to say that notice to them of the claim of lien did not satisfy the statute, although they may have acquired the premises by mesne conveyances from Mrs. Brown prior to the completion of the work. They were indeed, proper parties defendant, under section 3190, Revised Statutes, and if the proper steps had been taken as against Mrs. Brown to establish a lien, it would have been good as against them; they would have taken the land from Mrs. Brown subject to the incumbrance of the lien, inchoate or otherwise, as the title stood in her.

We have had the advantage of seeing a memorandum of an opinion given in the case by Judge Thayer, who sat in the circuit court. His views are substantially the same as ours, and we might have decided the case by adopting his opinion.

The judgment will be affirmed. It is so ordered. All the judges concur.