Hicks v. Scofield.

## HICKS v. SCOFIELD, Appellant. *

### Division One, February 19, 1894.

<table>
<tr><td>121</td><td>381</td></tr>
<tr><td>121</td><td>391</td></tr>
<tr><td>122</td><td>177</td></tr>
<tr><td>121</td><td>381</td></tr>
<tr><td>74a</td><td>353</td></tr>
<tr><td>121</td><td>381</td></tr>
<tr><td>146</td><td>592</td></tr>
<tr><td>121</td><td>381</td></tr>
<tr><td>159</td><td>169</td></tr>
<tr><td>159</td><td>315</td></tr>
</table>

1. **Mechanics' Lien:** REMEDIAL LEGISLATION. The mechanics' lien law should be liberally construed as remedial legislation.

2. ———: PARTIES: PRIOR MORTGAGEE. Under a law declaring that all persons interested in the land charged with the lien may be made parties to a suit to enforce it, but that "such as are not made parties shall not be bound by any such proceedings" (R. S. 1889, sec. 6713), *held*, that the interest of a mortgagee under a prior mortgage of the land on which the lien is claimed is not affected by a judgment of lien against the land or buildings thereon in proceedings to which he was not a party.

3. ———: MORTGAGE: PRIORITY. The lien law enters into a mortgage subsequently made, in respect of property to which that law applies, but the priority of a mechanic's lien upon buildings as against the holder of an earlier incumbrance must be established in the mode prescribed by the law.

4. ———: BUILDING. Under the mechanics' lien law of this state, a lien may be fixed upon a building, although the entire land may not be subject to the indebtedness.

5. ———: NOTICE. A law sanctioning a charge upon property without notice to the owner or an opportunity for a hearing would have to be at least very clear and leave no reasonable room for any other construction.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*Scofield & Cheeseman* for appellant.

(1) The petitions in both cases do not state facts sufficient to constitute a cause of action. *Seibel v.*

*Not received in time to report in chronological order.—REPORTER.

Siemon, 52 Mo. 363; Smith v. Phelps, 63 Mo. 585. (2) The value of the improvements put upon the land subsequent to the deed of trust must be paid or tendered by plaintiffs in these cases to the party entitled thereto, as a condition precedent to any injunction action, and this fact must be alleged in the petitions. Siebel v. Siemon, 5 Mo. App. 303.; s. c., affirmed, 72 Mo. 526; Seibel v. Siemon, 52 Mo. 363; Smith v. Phelps, 63 Mo. 585. (3) In the trial of the case of Hicks v. Scofield, no evidence was offered to prove that he (Hicks) had any title to the premises in dispute. (4) In the mechanic's lien suit of Ryus v. Goodin et al., Charles R. Hicks (one plaintiff in these actions), with one Samuel R. Foster, were defendants therein, and service of the summons in that action was personally had upon them. Hicks was the beneficiary under a deed of trust upon these lots before any houses or improvements were put upon the same, and Foster was the trustee therein. Plaintiff (Ryus) in that action before proceeding to judgment dismissed as to them, Hicks and Foster, and as William S. Earl, the other plaintiff in these actions, stands in the shoes of Hicks, both of these plaintiffs had actual notice of the lien under which defendant claims title to these houses, and they must redeem from the same. Heim v. Vogel, 69 Mo. 529; Olmstead v. Tarsney, 69 Mo. 396; Farwell v. Murphy, 2 Wis. 533; Goodman v. White, 26 Conn. 317. (5) This right could only be asserted by applying to the equitable jurisdiction of the court, and can not be relied on in an action to enjoin defendant from removing the buildings. Heim v. Vogel, 69 Mo. 529. (6) The evidence of title upon which defendant predicated his defenses to these actions was competent, and the title to the houses should have been found by the court, for the defendant. R. S. 1889, secs. 6705, 6707; Lumber Co. v. Ballantine, 2 Mo. Legal News, 600;

*Investment Co. v. Hazeltine*, 53 Mo. App. 309, 315; *Seibel v. Siemon*, 72 Mo. 526; *Crandall v. Cooper*, 62 Mo. 478; *Schaeffer v. Lohman*, 34 Mo. 68; *Hausser v. Hoffman*, 32 Mo. 334; *Hall v. Mfg Co.*, 22 Mo. App. 40–41; *Mfg. Co. v. Gapen*, 22 Mo. App. 401. (7) The item of March 17, 1890, of $332, first charged in the Ryus mechanic's lien as a lump sum, is valid. *Seaman v. Paddock*, 51 Mo. App. 465; *Deardorff v. Roy*, 50 Mo. App. 70; *Grace v. Nesbit*, 109 Mo. 9; *Hilliker v. Francisco*, 65 Mo. 598; *Miller v. Whilelaw*, 28 Mo. App. 369; *Davis v. Harris*, 6 Ohio St. 476; *Kern v. Pfaff*, 44 Mo. App. 30–34; *Burroughs v. White*, 18 Mo. App. 229; *Manley v. Downing*, 15 Neb. 637; *Pool v. Wedemeyer*, 56 Tex. 287; *Hayden v. Wufling*, 19 Mo. App. 353. (8) Ryus, in the mechanic's lien account filed against this property, had a right to apply the credits on the account where he pleased. *Waterman v. Younger*, 49 Mo. 413; *Beck v. Hass*, 31 Mo. App. 180; *Gantuer v. Kemper*, 58 Mo. 567; (9) The dismissal of the Ryus mechanic's lien suit, as to Hicks and Foster, did not invalidate the lien. *Lumber Co. v. Ballantine*, 2 Mo. Legal News, 600; *Investment Co. v. Hazeltine*, 53 Mo. App. 309–315; Jones on Mortgages [4 Ed.], sec. 1425; *Olmstead v. Tarsney*, 69 Mo. 396, 399; *Crandall v. Cooper*, 62 Mo. 478; *Heim v. Vogel*, 69 Mo. 535; *Seibel v. Siemon*, 72 Mo. 526; *Hauser v. Hauffman*, 32 Mo. 334; *Schaeffer v. Lohman*, 34 Mo. 68; 2 Jones on Liens, sec. 1571, p. 438.

*Kinley & Kinley* for respondent.

(1) The petitions in these cases both stated good causes of action, showing that appellant was about to do irreparable injury to real estate. R. S. 1889, sec. 5510; *McPike v. West*, 71 Mo. 199; *Musser v. Brink*, 68 Mo. 250; s. c., 80 Mo. 350–357. (2) The lien and

judgment offered in evidence by appellant, together with all proceedings thereunder constituted no defense, and it was properly so held by the court for the following reasons: *First*. Because Hicks and Foster, under whom Earl holds, and Hicks for himself, were not permitted to defend the suit brought by Ryus to enforce his mechanic's lien, though Ryus had made them parties to the suit and brought them into court. *Coe v. Ritter*, 86 Mo. 277–285; *Crandall v. Cooper*, 62 Mo. 478–480; *Planing Mill v. Church*, 54 Mo. 520; *Fire Clay Works v. Ellison*, 30 Mo. App. 67; *Clark v. Brown*, 25 Mo. 563; *Hauser v. Hoffman*, 34 Mo. 340; *Jones v. Hartsock*, 42 Iowa, 147 and cases cited; *Dunphy v. Riddle*, 86 Ill. 22. *Second*. The item of $332 for mill work, etc., was a lumping charge and would not support a lien, and the account showed all the balance of the material paid for. Respondents, under the statutes, had the right to attack this lien wherever it conflicted with their interests. R. S. 1889, secs. 6709–6713; *Rude v. Mitchell*, 97 Mo. 365; *Smith v. Haley*, 41 Mo. App. 611. *Third*. The deeds of trust made on November 23, 1889, and recorded November 26, 1889, on the real estate and houses in question, could not be affected by improvements subsequently made by the mortgagors; this is especially so when the mortgagees were precluded from having their day in court. *Hauessler v. Thomas*, 4 Mo. App. 463–469; *Taylor v. Railroad*, U. S. C. Ct., 4 Central Law Journal, 536; *Reed v. Lamberton*, 53 Mo. App. 76; *Dugan v. Scott*, 37 Mo. App. 663; *Hall v. Mfg. Co.*, 22 Mo. App. 33; *Crandall v. Cooper*, 62 Mo. 478; *Coe v. Ritter*, 86 Mo. 277. (3) Where a lien account contains one item upon which a lien can not be based, and other items that are legal, and payments are made that are credited on the account, these payments will be applied first to the items of the lien that are legal. *Nelson v. Withrow*, 14

Mo. App. 270; Jones on Mech. Liens [3 Ed.], 504. (4) The court did not hold that the dismissal in the Ryus suit as to Hicks and Foster invalidated the lien, but did hold that the lien was invalidated by the only unpaid item thereof, the lumping item, and that Hicks and Foster were not bound by the Ryus judgment, all of which was correct. *Rude v. Mitchell, supra.* (5) The judgment should have been against appellant by default for the reason that he filed no motion to dissolve the injunction. R. S. 1889, sec. 5505.

BARCLAY, J.—This is a suit to restrain the defendant from tearing down or removing certain houses, standing on land belonging to the plaintiff.

The gist of the controversy can be stated in a few lines, discarding many irrelevant particulars which appear in the record.

The dispute involves the title to the houses mentioned. The defendant claims them, and the right to remove them, under proceedings to enforce a mechanic's lien. The plaintiff claims them as purchaser under a deed of trust.

The common source of title is Mary Goodin, who in 1889 owned the land on which the houses now stand. In November, 1889, she and her husband executed a deed of trust, in usual form, conveying this land to Samuel Foster, as trustee, to secure payment of a bond for $4,150 to the present plaintiff. That deed was duly recorded, November 26, 1889. Under it, a sale, after default, occurred, at which plaintiff became the purchaser, by deed from the trustee, November 21, 1890.

Plaintiff is in possession of the land under this title.

Defendant's claim is based on a mechanic's lien (for several hundred dollars) duly filed, August 27,

1890, in which the earliest item is of date, March 17, 1890.    The lien is founded on a contract between Mary Goodin and her husband, and the lienor, Mr. Ryus. The latter brought suit to enforce the lien, making Mr. and Mrs. Goodin parties defendant, and also, at first, Mr. Hicks and Mr. Foster (the trustee), as claiming to own some interest in the property.    But before judgment that cause was dismissed as to Messrs. Hicks and Foster.    The other defendants made default, and the then plaintiff took judgment, May 4, 1891, against the Goodins, for the amount of indebtedness, and of lien for that sum "against the real estate and buildings," with an order for special execution accordingly. Under process on that judgment the lienor purchased the land and houses, July 2, 1891, and received a sheriff's deed, in due course, to that effect.

Afterwards, the present defendant bought the interest of the lienor, and gave written notice to plaintiff that he (defendant), as the owner of the buildings on the land mentioned, intended within thirty days to proceed to remove them by virtue of the purchase at the sheriff's sale, etc.

At this juncture the plaintiff sought the interposition of a court of equity, and secured a temporary order restraining defendant from interfering with the buildings.

On final hearing, the injunction was made perpetual.

Defendant then appealed, after taking the ordinary steps for that purpose.

We should regard the case as too plain for discussion were it not for remarks that have fallen from some of our brethren of the state judiciary in reference to the bearing of the mechanics' lien law upon somewhat similar facts.

The defendant conceded at the trial that plaintiff

had paramount right to the land itself; but he insisted that his (defendant's) claim to the buildings thereon had priority, mainly because of the terms of the following section, viz.:

"Sec. 6707. *Priority of lien over other incumbrances.*—The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements for which they were furnished or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter." R. S. 1889.

It may be well, at this point, to quote some other parts of our positive law which we suppose to have some relevancy to the matter in hand.

"Sec. 6720. * * * no lien shall continue to exist, by virtue of the provisions of this article, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon * * *."

"Sec. 6712. * * * The petition, among other things, shall allege the facts necessary for securing a lien under this article, and shall contain a description of the property charged therewith."

"Sec. 6713. In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may, be made parties, but such as are not made parties shall not be bound by any such proceedings."

By sections 6717 and 6718 it is provided that where (as in the lien suit in question) the debtor has been served with process, or appears, the judgment, if for

plaintiff, shall be against the debtor, as in ordinary cases, and that, if no sufficient property of his be found to satisfy the judgment and costs of suit, the residue thereof shall be levied "of the property charged with the lien therefor, which said property shall be correctly described in said judgment."

As has been said here on a former occasion, the statute creating and regulating mechanics' liens "applies, by its own force, to every transaction that parties, by their voluntary action, bring within its terms."

A mortgagee who accepts real estate as security for a loan does so subject to the existing law, which enters into the contract as a part of it, and permits the subjection of every improvement upon realty to the demand of the person whose labor or materials entered into that improvement in the circumstances defined by the statute.   R. S., 1889, sec. 6705.

But the priority thus given to the lien of the mechanic, as against the holder of a prior incumbrance, must be established in the mode prescribed by the law.

The parties to the contract under which the material or labor was furnished are necessary parties to the adjudication of the lien.   If it be sought, moreover, to assert its priority, by virtue of the statute, over the liens of others which antedate it, then they should be brought before the court as "persons interested in the property charged with the lien," in order that they may be heard as to the validity of the claim for a lien upon their interest or estate.

This legislation on its face, we think, discloses that it was never intended that the exceptional precedence of such a lien over other incumbrances might be asserted without an adjudication of the right to the lien as against those adversely interested in the property.

Hence it is expressly declared that the latter shall not be bound by the judgment if not parties to the case. This declaration embodies a principle of natural justice, as applied to such a state of affairs as here confronts us. If the lien which the statute permits to be fixed upon buildings, as a separate part of the land on which they stand, is sought to be asserted, those against whom such right is claimed should be brought in, that they may be heard, before the lien becomes an adjudged charge upon their property.

A law which would sanction the enforcement of such a charge without notice to the owner or opportunity for a hearing as to its merits, would have to be, at least, very clear in its terms, and leave no reasonable room for any other construction. In the statute before us the lawmakers have distinctly indicated quite the contrary purpose. Persons "interested in the property charged with the lien" may be made parties. In the same connection it is added that "such as are not made parties shall not be bound by any such proceedings." What could be plainer or more just?

The mechanic's lien law should be liberally construed as remedial legislation. But it was never designed to permit the establishment of a lien against the rights of persons holding titles superior to that of the lien debtor without an adjudication of the lien as to them.

Viewing the mechanic's lien enactment as an entirety, it is evident that the proceedings authorized by it have two distinct objects: *first*, the ascertainment of the debt due by the principal debtor; *secondly*, the declaration that a lien exists against the property chargeable therewith, "which said property shall be correctly described in said judgment." R. S., 1889, sec. 6717.

A lien may be fixed upon a building, under sec-

tion 6707, in some circumstances, although the entire land may not be subject to the indebtedness; but to affect the interest of a party whose rights in the building are superior to the lien debtor, that party (under section 6713) must be afforded an opportunity to be heard as to the truth of the facts on which such claim of lien is founded; otherwise, he will "not be bound by any such proceedings," as the statute declares expressly.

As to the vested estate of the mortgagee, in and to the building, the proceeding to assert a lien against the holder of the equity of redemption only, is "a thing affecting others," under the plain provision of our law.

We think this view is in accord with *Coe v. Ritter* (1885), 86 Mo. 277, the last previous ruling by the supreme court on this point.

It would serve no useful purpose to attempt a review of earlier cases or of the decisions of other courts on the subject, as we are satisfied that the conclusion we have reached gives effect to the evident purpose of the statute. The rulings of the trial judge were to the same purport. We agree to affirm the judgment. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.