EDWARD McLUNDIE & CO., Respondent,  v.
JOSEPH L. MOUNT, Appellant.

St. Louis Court of Appeals, November 30, 1909.

1. MECHANICS' LIENS: Sub-Contractor: Notice of Lien Neces-
sary. In an action by a sub-contractor for the enforcement of a
mechanic's lien, it is *held* it was incumbent on him to give
notice of his claim to the persons who were owners of the prop-
erty when both the original and the sub-contract were made,
or to their agent.

2. ———: ———: Parties: Conveyance by Owner During Progress
of Work. If the owner of the property at the time the con-
tract for the work was let conveys his interest, while it is
going on and before a mechanic's lien is filed or action upon
it instituted, he has no interest to be affected by the enforce-
ment of the lien and appears not to be a necessary party,
unless the demand grew out of a contract with him and not out
of a sub-contract.

3. ———: ———: ———: Original Contractor Necessary Party:
Effect of Failure to Join Owner. In a suit by a sub-contractor
for the enforcement of a mechanic's lien, the principal con-
tractor would seem to be the only absolutely necessary de-
fendant; but a lien may not be declared against the premises,
unless either the owner of them at the time the contract for
the improvements was made, or a subsequent owner, is made
defendant.

4. ———: Parties: Acquisition of Property After Lien Has At-
tached. One acquiring title to premises after a mechanic's
lien has attached is not a necessary party to an action on
the lien, but he is not bound by the judgment unless he is
a party.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Geo. H. Williams,* Judge.

AFFIRMED.

*Conrad Paeben* for appellant.

(1) A materialman can have a mechanic's lien
only when the said materials are furnished in pursuance
to a contract with the owner or his contractor. And
the contract meant is the one between the owner and the
contractor and not the one between the contractor and
the materialman. There can be no materialman's lien
unless there is a contract between the owner of the lot
and the contractor. Kline v. Perry, 50 Mo. App. 422;
Jose v. Hoyt, 106 Mo. App. 594; Horton v. St. L., etc.,
Ry. Co., 84 Mo. 609; Hengstenberg v. Hoyt, 109 Mo.
623; Lumber Co. v. K. of P., 157 Mo. 382. (2) An
allegation of ownership in the petition in a mechanic's
lien proceeding by necessary intendment, amounts to
an allegation of ownership in the defendant at the date
of the contract. Van Ripper & Rogers v. Morton, 61
Mo. App. 443. (3) One who has become owner since
a mechanic's lien attached is not a necessary party to
the suit. Notice of an intention to file a mechanic's
lien is properly given to the person who was owner when
the work begun, though the title has since passed.

Koenig v. Boehme, 14 Mo. 593; Brown v. Wright, 25 Mo. App. 54; Kuhleman v. Schuler, 35 Mo. 142; Granitoid Co. v. Klein, 100 Mo. App. 293.

*E. W. Banister* and *Arthur Digby* for respondent.

(1)    The contract signed by T. L. Houser on the one hand and Ida, Gussie and Mamie Mount on the other became the contract of defendant, Joseph L. Mount, on and after August 3, 1906, for, by the acquisition of the title and by his allowing the work to proceed under the contract with which he was perfectly familiar, he adopted said contract as his own. 27 Cyc. 74, sec. 6; Rockel on Mechanic's Liens, pp. 86, 87 and 88; Boisot on Mechanic's Liens, sec. 70. (2)    As far as this case is concerned defendant, Joseph Mount, was the owner of the property in question after the third day of August, 1906, for if he were not the real owner, as he claims, and only holding the title for someone else, it would be necessary to show that the plaintiff had notice of this fact, and it does not appear from the evidence that plaintiff had such notice. Reinhart v. Building and Loan Assn., 56 Mo. App. 493. (3)    The doctrine of estoppel, with reference to the title to the property, in mechanic's lien suits is recognized in this State. Allen v. Sales, 56 Mo. 28; Reinhart v. Building and Loan Assn., 56 Mo. App. 493; O'Leary v. Roe, 45 Mo. App. 567. (4)    The mechanic's lien statute is remedial and should be liberally construed. Walden v. Robertson, 120 Mo. 38; Dewitt v. Smith, 63 Mo. 263; Bruns v. Braun, 35 Mo. App. 343; Oster v. Rabeneau, 46 Mo. 595; Putnam v. Ross, 46 Mo. 337; McAdow v. Sturtevant, 41 Mo. App. 220; O'Shea v. O'Shea, 91 Mo. App. 221.

GOODE, J.—Respondent does plumbing work and installs plumbing apparatus in buildings. In the year 1906, T. L. Houser, one of the original defendants

in the case, and respondent entered into a contract by which respondent undertook to do the plumbing work and furnish plumbing materials for a building on Arco avenue in the city of St. Louis between the Kingshighway and Taylor avenues. Houser was the contractor to erect the entire building. His contract was in writing, dated April 25, 1906, and was executed by himself on one side and by Ida Mount, wife of Joseph Mount, appellant, and Gussie and Mamie Mount, sisters of appellant, on the other. The course of the title was shown by the deeds put in evidence and ran thus: On January 5, 1903, Joseph L. Mount and Ida Mount conveyed the lots to Joseph M. Griffin; on July 5, 1906, Joseph M. Griffin conveyed them to Ida, Gussie and Mamie Mount; on August 3, 1906, Ida, Gussie and Mamie Mount conveyed them again to Joseph M. Griffin and on the same day Griffin conveyed them to appellant Joseph L. Mount. It will be perceived that when Houser contracted with the three Mount women to erect the building, the title to the premises stood in Jos. M. Griffin, but it was transferred by him to said women on July 5, 1906, during the progress of the work. Appellant negotiated the contract with Houser, but the latter testified he did not know the women were the owners of the property before the contract was signed, or know they were the parties named in the contract. In fact Mount acted for the women throughout the work and does yet, he says. Respondent's contract with Houser was entered into May 1, 1906, and the plumbing work began pretty soon and continued through July, August and perhaps into October. Regarding Griffin's title he (Griffin) testified he had had money transactions with Mount and the deed to him (Griffin) dated January 5, 1903, was executed by Mount and wife to pay a debt Mount owed him. He testified the property was his own and he could do with it as he chose. As we gather from Griffin's testimony, he conveyed the property to Ida Mount, wife of appellant, and appellant's two sisters, on

July 5, 1906, by appellant's direction and upon payment by them of five thousand dollars. Regarding the two subsequent conveyances of August 3, 1906, he said he did not remember the reasons for which the property was conveyed to him by the three Mount women and then conveyed by him to appellant. Appellant testified that when the contract for the erection of the house and the sub-contract for the plumbing were made, he had no financial interest in the property; that he originally conveyed the property to Griffin in payment of a debt and when it was conveyed by Griffin to the three Mount women, they furnished the consideration, having received it from their father's estate; that it was also their money which went into the house. Plaintiff's bill for work and material not having been paid in full, he filed a lien for the balance due, $300.65. The demand fell due December 8, 1906, and the lien was filed within four months, or on April 2, 1907. In the lien statement respondent described T. L. Houser as the contractor under whom he had done the work and Joseph L. Mount as owner of the property. On March 2, 1907, more than ten days prior to the filing of the lien account, respondent gave Joseph L. Mount notice in writing of his claim against the premises, stating the amount claimed and that it was due from Houser. These facts are all alleged in the petition in the present case, and the lien account and notice of intention to file the lien, were put in evidence but are not set forth at large in the record, which recites the lien account was in proper form, contained the items described in the petition, was duly verified by affidavit and named Joseph L. Mount "as the contracting owner of the premises." No declarations of law were given at the instance of respondent and those requested by appellant were refused. Judgment was rendered in plaintiff's favor for three hundred dollars, with interest at six per cent from April 2, 1907, a lien on the premises for said amount was declared; and after appropriate

motions Mount appealed, but Houser submitted to a personal judgment against him. The court refused to declare, at appellant's instance, that if plaintiff furnished the material and installed the same as stated in the petition, under contract with T. L. Houser and said Houser became indebted to plaintiff for the contract price thereof at any time on or about December 8, 1906, the verdict and finding should be in favor of Mount; that the indebtedness from Houser to plaintiff accrued when the work and material called for in the agreement between them was completed and when Houser accepted said work as completed, and if the court found the agreement for furnishing and installing the plumbing material was completed, and the last work done and the last materials furnished by December 8, 1906, then plaintiff was not entitled to a mechanic's lien against the property of Mount even if Houser had failed to pay respondent in full.

Two defenses are insisted on: First, that notice of the lien claim was given only to appellant, whereas it should have been given to the three women who had contracted with Houser for the erection of the building' and owned an equitable estate in it at the date of that contract, and also at the date respondent sub-contracted with Houser; second, omitting to make those women defendants and instituting the action only against Houser, the main contractor, and appellant. The record owner of the premises at the date of the contract for the entire building, and also at the date of the sub-contract for the plumbing, was Joseph M. Griffin, and, and as we have seen, he testified he was absolute owner. It looks like there must have been some understanding between him and the women that he would convey the title to them upon payment of what Mount owed him, though this fact was not clearly proved. The first question for decision is whether the lien must fail because notice of the lien demand was not given to the women who had contracted with Houser. The statutes

say every person, except the original contractor, who wishes to avail himself of the benefit of the lien law, shall give ten days' notice, before the filing of his lien account and statement, to the owners of the building or improvement, or the owner's agent, setting forth the amount he claims and from whom the same is due. [R. S. 1899, sec. 4221.] In Kuhleman v. Schuler, 35 Mo. 142, a local statute applicable to the city of St. Louis, but in its requirements about notice like the general statute in force to-day, was construed to require notice of the lien claim to be given to the person who owned the property at the time the contract for the improvement was made, and not to one who became owner during the progress of the work. The like construction was put upon the general mechanic's lien law in Hewitt v. Truitt, 23 Mo. App. 443. Hence it was incumbent on respondent to give notice of his claim to the Mount women, as the owners of the property when both the original contract and his own contract were made, or to their agent. But appellant s own testimony is that he was their agent throughout and there is nothing to the contrary in the record. Hence the notice to him fell within the very words of the statute, and the assignment of error regarding it must be overruled.

We have been cited to no decision which holds a lien cannot be enforced by action, unless the owner of the premises at the time the contract for the improvement was let is made a party to the action, even though, when it is instituted, said owner has no interest in the premises, having conveyed his interest during the progress of the work. It might be argued that as notice of a lien must be given to such owner, therefore the statute intends he shall be a party to an action to enforce the lien. But this conclusion does not follow of course, because the main purpose of the notice of lien is to prevent the owner who contracted for the improvement from paying the original contractor the whole contract price, when a sub-contractor has not been paid

by the principal contractor and holds a lienable demand. [Bruner, etc., Co. v. Klein, 100 Mo. App. 289.] The main purpose of making the owner of the premises a party defendant to an action to enforce the lien, is different. It is that his interest in the property may be adjudged subject to the lienor's demand. Now if the owner at the time the contract for the work was let conveys his interest while it is going on and before a lien is filed or action upon it instituted, he has no interest to be affected by the enforcement of the lien and appears not to be a necessary party, unless he is debtor to the lienor. That is, unless the demand grew out of a contract with him and not out of a sub-contract. The statute on the subject of parties says in all suits under the article "the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may, be made parties, but such as are not made parties will not be bound" by the proceeding. [R. S. 1899, sec. 4211.] Said statute only requires "the parties to the contract" to be made parties to an action to enforce a lien. The expression "parties to the contract" has been held to signify the parties to the particular contract which is the subject of inquiry in the action and as between whom a personal judgment may be rendered. [Downey v. Higgs, 41 Mo. App. 215.] In case of a suit by a sub-contractor, the contract which is the subject of inquiry, is the one entered into between him and the person who was the original contractor with the owner for the improvement; and it would seem the only absolutely necessary defendant in such an action is the principal contractor who owes the sub-contractor for work done or material furnished; but, of course, no lien could be declared against premises, unless either the owner of them at the time the contract for the improvement was made, or a subsequent owner, was made defendant. The original contractor must be a defendant to an action by a sub-contractor, because it is incum-

bent on the former to defend the action. [Horskotte v. Menier, 50 Mo. 159; Wibbing v. Powers, 25 Mo. 599; Ashburn v. Ayres, 28 Mo. 75; Foster v. Wulfing, 20 Mo. App. 85; Bombeck v. Devorss, 19 Mo. App. 38.] It has been decided in this State that a person who acquires the property after the lien attaches, is not a necessary party to an action for its enforcement. [Koenig v. Boehme, 14 Mo. App. 593.] And in Schaeffer v. Lohman, 34 Mo. 68, the Supreme Court held, in construing the mechanic's lien act applicable to St. Louis, which does not differ from the general statute in the provisions material to the point in hand, that the interest of a person in the property acquired after the lien had attached was bound by a judgment enforcing the lien whether he was a party to the action or not. That ruling was referred to in Missouri, etc., Works v. Ellison, 30 Mo. App. 67, 76, as an "extraordinary judicial aberration," because it affected a person's rights by a judgment which he had no opportunity to resist. The Schaeffer case has been regarded as overruled, in effect, by the later cases of Crandall v. Cooper, 62 Mo. 478, and Coe v. Ritter, 86 Mo. 277. Hence we take the law in this State to be that a person who acquires title to premises after a lien has attached is no necessary party to an action upon the lien, but will not be bound by the judgment given in the cause unless he is a party. But this proposition does not embrace the point for decision in the present case, which is whether a lien can be enforced in an action against a person who acquired title after the lien attached, but not against the holder of the title at the time it attached. We must resort to general principles and to precedents in outside jurisdictions for light upon this point. A mortgagor who has parted with his equity of redemption is no necessary party to a suit to foreclose a mortgage, because he has no further interest in the land. [9 Ency. Pl. and Pr., 2332.] Why then should the owner of premises at the time a lien attached for improvements on

them, be a necessary party to an action on the lien if, meanwhile, he has parted with all interest in the property? One treatise says there is a conflict of decision on this question, citing cases pro and con. [Phillips, Mechanic's Liens (3 Ed.), sec. 396.] Another treatise says: "A person who, when the suit is begun, owns the estate to which the lien attaches, is, according to the better reason and the weight of authority, a necessary party defendant to a suit to enforce the lien;" citing many cases. [Boisot, Mechanics' Liens, sec. 527.] We have seen this is not the law in Missouri, if the title has been transferred after the lien attached. The same treatise remarks upon the very point under examination, as follows:

"The person who, as owner of the land, contracted for its improvement, is a proper and usually a necessary party defendant to a suit to enforce mechanics' liens growing out of such contract. An exception to this rule exists where such owner has conveyed all his interest in the property. In that case he is not a necessary party defendant, though he may be made a defendant for the purpose of obtaining a personal judgment against him." Boisot, sec. 526.

The decisions cited in support of the text, and they do support it, are Rose v. Paper Works, 29 Conn. 256; Kellenberger v. Boyer, 37 Ind. 188; McCormick v. Lawton, 3 Neb. 449; Pickens v. Polk, 60 N. W. 566, 42 Neb. 267; Robins v. Bunn, 34 N. J. L. 322; Cullers v. Bank (Tex. Civ. App.), 29 S. W. 72. We have found no judgment of an appellate court of this State which is in point; but a remark by Judge Thompson in Hewitt v. Truitt, supra, shows his opinion agreed with what we have decided. In that case the original owner had not been made a defendant, but only her grantees who bought while the improvement was being constructed. The lien failed because notice of the claim had not been given to either her or her agent, but the court said:

"As the defendants, Klockzin and Simpson, were not the owners, between whom and Truitt the principal contract was made, it is needless to say that notice to them of the claim of lien did not satisfy the statute, although they may have acquired the premises by mesne conveyances from Mrs. Brown prior to the completion of the work. *They were indeed, proper parties defendant, under section 3190, Revised Statutes, and if the proper steps had been taken as against Mrs. Brown to establish a lien, it would have been good as against them; they would have taken the land from Mrs. Brown subject to the incumbrance of the lien, inchoate or otherwise, as the title stood in her.* (Italics ours.) [Hewitt v. Truitt, 23 Mo. App. 1. c. 447.]

Perhaps there might be some difficulty in sustaining the lien statement under the provision of section 4207 of the statutes which requires "the name of the owner or contractor, or both, if known to the person filing the lien," to be given in the lien statement. The term "owner" as there used has been held to mean the owner at the time the contract was let. [Downey v. Higgs, 41 Mo. App. 315.] The names of the women were not mentioned in the lien statement but appellant was named as owner. No error has been assigned or point raised in this connection, and though we have referred to it, we decide nothing regarding it.

The judgment is affirmed. All concur.