STRUCTO CORPORATION, Respondent,

v.

LEVERAGE INVESTMENT ENTER-
PRISES, LIMITED, et al.,
Defendants,

Michael C. Kirk, Successor Trustee; Diversified Mortgage Investors; Bernie O. Snoddy, Nominee of the Trustees of Diversified Mortgage Investors, Appellants.

No. WD 31601.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Carl R. J. Sniffen, Stubbs & Mann, P.C., Kansas City, for appellants.

Don Witt, Witt & Boggs, Platte City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant Diversified Mortgage Investors mortgagees-purchasers at a foreclosure sale and successors in title to defendant-mortgagor leverage Investment Enterprises, Limited, appeal from a judgment for the plaintiff Structo Corporation to enforce a mechanic's lien for work and materials furnished under a contract with then owner Leverage Investment. The defendant Leverage Investment [by then defunct] defaulted to the suit and the court gave judgment against that defendant under the contract for $2,156.35. The court ordered also that the judgment be a lien on the interests of all the defendants in the property.

The petition was tried to the court on a stipulation of facts, and the appeal comes for decision on that of agreement of evidence.

The plaintiff Structo supplied and installed a chain link fence under original contract with Leverage Investment on two tracts of land owned by Leverage Investment but subject to two deeds of trust held by trustee Smith for the nominee of Diversified Mortgage Investors [a Massachusetts trust]. The deeds of trust were executed separately and recorded on May 16, 1973, and December 26, 1973. On *March 31, 1975,* the trustee under the deeds of trust gave notice to the mortgagor Leverage Investment of a trustees' sale to foreclose the property and published the notice as required by law on *March 28, 1975, April 4, 1975, April 11, 1975,* and *April 18, 1975.* The fence was installed by Structo on the tracts between *April 5, 1975,* and *April 9, 1975.* On *April 11, 1975,* Structo submitted to Leverage Investment an invoice in the sum of $2,156.35 for the fence material and installation. On *April 21, 1975,* the deeds of trust on the tracts were foreclosed and sold to Snoddy as nominee of the trustees of Diversified mortgagees. On September 11, 1975, Structo filed a timely statement of lien in the circuit court of the county. On October 16, 1975, Structo brought a petition to enforce a mechanic's lien in the [then] magistrate court. The court entered a personal judgment for Structo against Leverage Investment for

the $2,156.35 cost of the fence and installation and adjudicated the judgment a lien on the tracts. The petition to enforce the lien was taken on appeal to the circuit court and the personal judgment and lien were adjudged de novo.

The formal entry states no grounds for judgment but rests expressly on the pleading, the stipulated evidence, the memoranda of law and the argument of counsel. A fact stipulated was that the written *Notice to the Owner* from an original contractor precedent to a valid mechanic's lien under § 429.012, Laws 1974, was never given by Structo to Leverage Investment, or the trustee under the deeds of trust, or to mortgagee Diversified, or to Snoddy as nominee for Diversified as purchaser under foreclosure. The contention of law by the plaintiff Structo at the trial [iterated on appeal] was that the statute requires notice to the *owner* and that Diversified at the time the statement of lien was filed was mortgagee, not owner, hence not entitled to notice under the statute. That contention reduces to the argument that Diversified, either as mortgagee or as successor title owner of the tracts under foreclosure sale, lack a legally protectible interest to assert—and hence status to assert the deficiency of notice.

■ The terms of § 429.100 impose upon a *subcontractor* the condition of notice to the *owner* of the land for a valid lien upon the improvement. The term *owner* as further defined in § 429.150 for the perfection and enforcement of mechanics' and materialmen's liens [§§ 429.010 to 429.340] excludes a mortgagee under a deed of trust. Thus, the want of notice by a *subcontractor* to the holder of a security interest in land does not invalidate a lien. *R.L. Sweet Lumber Company v. E. L. Lane, Inc.*, 513 S.W.2d 365, 368[1] (Mo. banc 1974). The plaintiff Structo, of course, was an *original contractor*—not a subcontractor, and so was governed by § 429.012. The plaintiff Structo contends nevertheless that, by a parity of statutory material, the notice by an original contractor precedent to lien under § 429.012 and by a subcontractor precedent to lien under § 429.100 are equivalent. In each

case the notice is due to the owner, and not to the holder of the land as security for a debt. We agree that to *establish* a lien by a mechanic or materialman—whether as subcontractor or original contractor—requires notice to the owner and not to the beneficiary of a deed of trust on the land. *Sweet*, supra, l.c. 368[1]. That does not say, however, that because at *establishment* of lien a mortgagee has no status to contest notice due but not given the owner, at the *adjudication* of lien a mortgagee since become owner of the land lacks sufficient interest to contest the validity of the adjudgment to subject the fee to the effect of the lien. The statutory rationale is quite to the contrary.

■ The terms of § 429.190 provide: In all suits under sections 429.010 to 429.-340 the parties to the contract shall, and *all other persons interested* in the matter in controversy or *in the property charged with the lien* may be made parties, but such as are not made parties shall not be bound by any such proceedings. [emphasis added]

The parties to the contract in contention are necessary to a proceeding to adjudicate a lien. Other persons in interest in the property charged are nominally permissive, but equally necessary for efficacy of judgment. That is because, as the statute states plainly: *such as are not made parties shall not be bound by any such proceedings.* This procedure contemplates that the holder of a prior mortgage has an interest to contest the extraordinary preference § 429.050 accords an adjudicated lien of a mechanic or materialman over precedent encumbrances, so that an adjudgment of lien will not bind the prior mortgagee not joined in the proceeding. *Hicks v. Scofield*, 121 Mo. 381, 25 S.W. 755, 756 (1894). That procedure contemplates also that no lien can be declared against the land unless the owner at the time of the contract—or the successor owner at the time of the adjudication—was joined as party. *Edward McLundie & Co. v. Mount*, 145 Mo.App. 660, 123 S.W. 966, 968 (1909); *Hewitt v. Truitt*, 23 Mo.App. 443, 447 (1886). The interest requisite to

contest want of notice, whether as against a claim to establish a lien under §§ 429.100 and 429.012 or to adjudicate a lien under §§ 429.190 and 429.270, therefore, is that of the *then owner* of the premises. Thus, contrary to contention, the owner of the premises at the time of the adjudication of lien stands in interest to assert that the claim is not a valid charge upon the owned property for want of notice. *Hewitt v. Truitt,* supra.

▮▮ A petition to adjudicate the lien of a mechanic or materialman is governed by the practice in civil cases. § 429.180 and Rule 101.03. The pleading to adjudicate a lien, therefore, must plead a justiciable cause of action. The lien remedy derives entirely from statute, thus the averments must plead—and the evidence must prove—the statutory elements for recovery. *Herbert & Brooner Construction Co. v. Golden,* 499 S.W.2d 541, 545[1–4] (Mo.App.1973); *Peck v. Bridwell,* 6 Mo.App. 451, 453 (1879). The terms of statute are peremptory: "The petition, among other things, shall allege the facts necessary for securing a lien under said sections. . . ." § 429.180. An essential element of the remedy is notice of the claim of lien to the owner of the premises to be charged. *Hertel Electric Company v. Gabriel,* 292 S.W.2d 95, 101[11–13] (Mo.App. 1956); *L. J. Mueller Furnace Co. v. Dreibelbis,* 229 S.W. 240, 242[6] (Mo.App.1921). As to an original contractor who seeks the benefit of the remedy, notice to the owner constitutes "a condition precedent to the creation, existence or validity of any mechanic's lien in [his favor]." § 429.012.2. The statute expresses a public policy so cogent, that failure by an original contractor to give notice to the owner subjects the putative lienor to conviction for a misdemeanor and judgment by fine. § 429.012.3.

▮▮ The petitioner for a judgment of lien bears the burden to prove notice, among the other essential components of the statutory cause of action. *Sentinel Woodtreating, Inc. v. Cascade Development Corporation,* 599 S.W.2d 268, 270[4–6] (Mo. App.1980). The formal Structo petition does not allege notice of the claim of lien to then owner Leverage Investment; rather there was stipulation that the statutory notice was not given and could not be proved. The cause of action failed therefore for want of evidence of that condition precedent to recovery. It was a lapse of procedure open to contest by the successor owner of the land to be charged. *Hewitt v. Truitt,* 23 Mo.App. 443 (1886); *Edward McLundie & Co. v. Mount,* 145 Mo.App. 660, 123 S.W. 966, 968 (1909); § 429.190.

▮▮ The plaintiff Structo reasserts the argument made to the trial court that, in any event, the corporate Leverage Investment was not a *person* within the sense of § 429.012 which requires that an original contractor give notice "to the person with whom the contract is made" prior to receipt of any payment as condition precedent to lien.[1] The premises of argument somehow derive the syllogism that since the purpose of the lien law is to give security to mechanics and materialmen for labor and supply in the improvement of the property of another, and since the perceived intention of the enactment is to protect the unwary and uninformed "consumer-natural person" from fraudulent practice, § 429.012.1 does not apply in favor of a corporation or other business entity. The contention has neither logic nor rationale. The notice required to the owner by § 429.100 and § 429.012, although for the immediate information of the owner [*Harry Cooper Supply Co. v. Gillioz,* 107 S.W.2d 798, 804[12] (Mo.App. (1937)] yields an ultimate benefit to the mechanic and materialman. The very purpose of notice to an owner—as the express terms of the notice prescribed by § 429.012

---

1. Section 429.012:

   1. *Every original contractor,* who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, *under or*

   *by virtue of any contract, shall provide to the person with whom the contract is made* prior to receiving payment in any form of any kind from said person . . . *a written notice* which shall include the following disclosure language. . . . [emphasis added]

disclose [1a] is to warn that laborers and suppliers remain who may be unpaid and so allow the owner opportunity to discharge the debt before the lien is claimed. *R. L. Sweet Lumber Company v. E. L. Lane, Inc., supra*, l.c. 370[4].

Neither rule of construction, nor judicial precedent, nor discerned purpose of the enactment justifies distinction between one *owner* and another to accomplish the legislative remedy. The text of § 429.012 requires notice to the *person* [owner] under *any contract* for the improvement of the land by labor or materials, without distinction as to the natural or artificial quality of the owner-contractor. In the context of statutes [§ 1.020.1] "unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context..." [§ 1.020.1(7)] "[t]he word 'person' may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations." In the absence of a peremptory context to the contrary, therefore, the scheme and purpose of an enactment determine whether *person* encompasses corporate and other artificial agglomerates. *Mark Twain Cape Girardeau Bank v. State Banking Board*, 528 S.W.2d 443, 446[3–5] (Mo.App.1975). A re-medial statute, such as the lien law,[2] entails such a construction so as to meliorate the mischief and accomplish the desideratum of enactment. *Rose v. Franklin Life Ins. Co.*, 153 Mo.App. 90, 132 S.W. 613, 617 (1910).

The sections of the mechanics' and materialmen's lien law are integral and in pari materia. The term *person* designates not only an owner [§ 429.150], but also an original contractor [§ 429.012], and the mechanic who does the labor and the materialman who furnishes the supplies [§§ 429.010, 429.015, 429.020]. The judicial decisions accord these principles the remedy of the lien law without distinction as to natural, artificial or agglomerate *person*. *Sentinel Wood-treating, Inc. v. Cascade Development Corporation*, 599 S.W.2d 268 (Mo.App.1980); *Kinnear Mfg. Company v. Myers*, 452 S.W.2d 599 (Mo.App.1970); *Cooper Supply Co. v. Gillioz*, 107 S.W.2d 798 (Mo.App. 1937); *Dwyer Brick Works v. Flanagan Bros.*, 87 Mo.App. 340 (1900). These cases [among the many others] determine implicitly that the lien law can give full efficacy to its purpose only if the contractor warns *every owner* of premises improved by labor or supply that the services of the mechanic or materialman may remain to be paid. To

---

1a.     NOTICE TO OWNER

FAILURE OF THIS CONTRACTOR TO PAY THOSE PERSONS SUPPLYING MATERIAL OR SERVICES TO COMPLETE THIS CONTRACT CAN RESULT IN THE FILING OF A MECHANIC'S LIEN ON THE PROPERTY WHICH IS THE SUBJECT OF THIS CONTRACT PURSUANT TO CHAPTER 420, RSMo. TO AVOID THIS RESULT YOU MAY ASK THIS CONTRACTOR FOR "LIEN WAIVERS" FROM ALL PERSONS SUPPLYING MATERIAL OR SERVICES FOR THE WORK DESCRIBED IN THIS CONTRACT. FAILURE TO SECURE LIEN WAIVERS MAY RESULT IN YOUR PAYING FOR LABOR AND MATERIAL TWICE.

2. Compliance with subsection 1 hereof shall be a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor.

3. Any original contractor who fails to provide the written notice set out in subsection 1 hereof shall be guilty of a misdemeanor and upon conviction shall be fined not less than five hundred dollars nor more than one thousand dollars.

2. The plaintiff Structo argues that however remedial the lien law, the provision of § 429.012.3 that an original contractor who fails to give the written notice required by that statute shall be guilty of a misdemeanor, renders the scheme punitive and so subject to strict construction. That rationale would limit *person* to the usual literal sense, and so exclude the corporate Leverage Investment as an intended subject of notice. Whatever may be the validity of the argument as a hypothetical exercise [and we fathom the full contention with difficulty], the penalty of the statute falls upon a noncompliant *contractor*—not *owner*—and it is as to the *owner* Leverage Investment that Structo argues the notice provision of § 492.012 does not appertain because that notice issues only to a human *person*—owner. That argument is irrelevant in any event because the litigation involves only the remedial aspect of the lien law and not whatever penalty the statute may threaten. When the remedial part of a statute, also penal in other aspects, is the subject of enforcement, it is considered remedial for purposes of decision. *City of St. Louis v. Carpenter*, 341 S.W.2d 786, 788[3, 4] (Mo.1961).

protect only an actual person from the fraud of a contractor—as Structo suggests—and withhold that concern from a corporate or other comparable entity, not only invidiously constrains the lien remedy, but also misunderstands the reality of contemporary life.[3]

The judgment for the plaintiff Structo Corporation against the defendant Leverage Investment Enterprises, Limited, for $2,156.35 is affirmed. The further order that the monetary judgment be a lien on the improvements and land is reversed.

All concur.

---

**3.** Were the term *person* employed in pari materia, as any logical construction of the lien law requires, then the plaintiff Structo—as a corporation—would be without status to claim lien under the integral sense of §§ 429.010 and 429.012. The Structo construction for *person*, also, would contradict the sense of § 429.015, Laws of 1971, which *enlarges* the effect of the lien law to protect the services of an architect, professional engineer and land surveyor, as well as the labor and supply of a mechanic and materialman. This legislation, we may assume, was enacted with full awareness that these professions now frequently assume the corporate form of organization for tax purposes, if for no other.